PER CURIAM.
Appellant seeks review of an order dismissing its complaint with prejudice, striking its answer to appellee’s counterclaim, and entering a judgment in favor of the appellee. Subsequent to this litigation being set for a non-jury trial, counsel for appellant J.B. Muros Corporation failed to appear at this case’s call of the calendar. Under such circumstances, it may be appropriate for a trial judge to impose sanctions against an attorney, but we must conclude that the ultimate sanction of dismissing a party’s complaint is too severe unless it is apparent from the record that indeed the client was in defiance of the court’s authority. Travelers Ins. Co. v. Rodriguez, 357 So.2d 464 (Fla. 2d DCA 1978); Masons Concrete of Crystal River, Inc. v. Corbin Well Pump & Supply, Inc., 364 So.2d 824 (Fla. 2d DCA 1978), cert. denied, 373 So.2d 457 (Fla.1979); First Republic Corp. v. Hayes, 431 So.2d 624 (Fla. 3d DCA), review denied, 441 So.2d 632 (Fla.1983).
The order of dismissal is reversed with directions to reinstate the complaint and answer to the defendant’s counterclaim.