539 So.2d 14 (1989)
In re the FORFEITURE OF TWENTY THOUSAND NINE HUNDRED DOLLARS ($20,900) U.S. CURRENCY.
No. 88-0003.
District Court of Appeal of Florida, Fourth District.
March 1, 1989.
Robert C. Fallon, West Palm Beach, for appellant, Fritz Rousseau.
Elizabeth T. McBride, Asst. City Atty., West Palm Beach, for appellee, City of West Palm Beach.
WALDEN, Judge.
Petitioner, City of West Palm Beach, sought the forfeiture of $20,900, saying that the funds represented the proceeds of sales of a controlled substance. Fritz Rousseau, a claimant and a citizen and resident of Haiti, filed an answer and affirmative defenses saying, among other things, that the money was wrongfully taken and that the money was to buy an automobile and other items for his family's use.
Both sides conducted pre-trial discovery. The city undertook to take Rousseau's deposition and Rousseau filed a motion for protective order or, alternatively, for a telephone deposition since he was in Haiti and was unable to travel to the United States due to the expense and interruption of his work schedule. This motion was denied. Rousseau did not appear at the deposition.
Thereafter the trial court struck all of Rousseau's pleadings and entered a final order of forfeiture because of his failure to appear. There was no recital or finding that Rousseau's failure to appear for deposition was wilful or contumacious, nor a showing of prejudice to the City. The failure to make such finding constitutes reversible error. See Wallraff v. T.G.I. Friday's, Inc., 490 So.2d 50 (Fla. 1986); Mercer v. Raine, 443 So.2d 944 (Fla. 1983); Donner v. Smith, 517 So.2d 709 (Fla. 4th DCA 1988).
In view of the reversal ruling herein reflected, it is not necessary to address Rousseau's remaining appellate point.
REVERSED.
GLICKSTEIN and STONE, JJ., concur.