569 So.2d 1271 (1990)
COMMONWEALTH FEDERAL SAVINGS AND LOAN ASSOCIATION, Petitioner,
v.
Moshe TUBERO, Respondent.
No. 75370.
Supreme Court of Florida.
November 15, 1990.
Rehearing Denied December 31, 1990.
Robert S. Hackleman and Connis O. Brown, III of Gunster, Yoakley & Stewart, P.A., Fort Lauderdale, for petitioner.
Thomas James O'Grady, Boca Raton, for respondent.
GRIMES, Justice.
We review Tubero v. Chapnich, 552 So.2d 932, 936 (Fla. 4th DCA 1989), in which the district court of appeal certified the following as a question of great public interest:
Is an express written finding of willful or deliberate refusal to obey a court order to comply with discovery under Florida Rule of Civil Procedure 1.380 necessary to sustain the severe sanctions of dismissal or default against a noncomplying plaintiff or defendant?
We have jurisdiction under article V, section 3(b)(4) of the Florida Constitution.
Moshe Tubero filed suit against Commonwealth Savings and Loan Association and others on November 16, 1987. On January 21, 1988, Commonwealth filed a request for production of documents and interrogatories, all of which were to be answered by February 20, 1988. On February 17, 1988, Tubero's lawyer filed a motion to withdraw premised upon lack of cooperation and irreconcilable differences between him and his client. He set the motion for hearing on March 24, 1988. The motion and notice of hearing reflect service upon the opposing attorneys but not on Tubero. The record contains no indication that this hearing ever took place.
On March 8, 1988, Commonwealth filed a motion to compel discovery and for entry of an ex parte order. The motion alleged that Tubero had not responded to its requested discovery and had neither objected to the discovery nor requested an extension *1272 of time. Pursuant to local administrative rules, this motion was submitted to the court without a hearing and resulted in an order entered on the same date which required compliance with the discovery requests within ten days. When the discovery was not forthcoming, Commonwealth filed a Motion to Compel Discovery and for Sanctions on March 22, 1988, and set the motion for hearing on April 5, 1988. On that date, the court entered an order stating that Commonwealth's motion was "granted for Plaintiff's failure to comply with this court's Order of March 8, 1988, and Plaintiff's complaint is hereby dismissed."
The district court of appeal observed that the record contained no showing that Tubero had attempted to comply with the order or communicate any excuse for noncompliance to the court by the time of the hearing at which the complaint was dismissed. Thus, the court concluded that "these facts might support a finding of willful disregard of the orders of the court." However, the court was concerned with the absence of an express finding that Tubero had willfully disregarded the rulings of the trial judge. Relying upon several of its previous decisions, the district court of appeal held "that an order granting a dismissal or default under rule 1.380 for failure to provide discovery must make an express written finding that appellant's conduct was a willful or deliberate violation of the discovery orders." 552 So.2d at 935. Therefore, the court reversed the order of dismissal and remanded for further proceedings to reconsider the sanctions in order to determine whether there was a deliberate or willful disregard of the discovery order.
In Mercer v. Raine, 443 So.2d 944 (Fla. 1983), this Court considered the circumstances under which a trial judge was authorized to strike pleadings or enter a default for noncompliance with an order compelling discovery. While noting that because of the severity of such a sanction it should only be employed in extreme circumstances, we said:
A deliberate and contumacious disregard of the court's authority will justify application of this severest of sanctions, Swindle v. Reid, 242 So.2d 751 (Fla. 4th DCA 1970), as will bad faith, willful disregard or gross indifference to an order of the court, or conduct which evinces deliberate callousness, Herold v. Computer Components International, Inc., 252 So.2d 576 (Fla. 4th DCA 1971).
Mercer, 443 So.2d at 946.
In Mercer, we did not specifically hold that the trial court's order must contain an express finding of willful or deliberate refusal to obey a court order to comply with discovery. However, in affirming the order striking the answer, we noted that the trial court had found that the defendant's actions amounted to willful disregard. In this manner, we distinguished Santuoso v. McGrath & Associates, Inc., 385 So.2d 112 (Fla. 3d DCA 1980), disapproved, Mercer v. Raine, 443 So.2d 944 (Fla. 1983), the case upon which conflict was based, by pointing out that the order entering default had not recited that Santuoso's failure to submit to discovery was willful.
In a series of cases, the Fourth District Court of Appeal has construed Mercer to require that an order imposing sanctions under Florida Rule of Civil Procedure 1.380 must recite a party's willful failure to submit to discovery. In re Forfeiture of Twenty Thousand Nine Hundred Dollars ($20,900) U.S. Currency, 539 So.2d 14 (Fla. 4th DCA 1989); Bernaad v. Hintz, 530 So.2d 1055 (Fla. 4th DCA 1988); Arviv v. Perlow, 528 So.2d 139 (Fla. 4th DCA 1988); Donner v. Smith, 517 So.2d 709 (Fla. 4th DCA 1987); Championship Wrestling from Florida, Inc. v. DeBlasio, 508 So.2d 1274 (Fla. 4th DCA), review denied, 518 So.2d 1274 (Fla. 1987); McNamara v. Bradley Realty, Inc., 504 So.2d 814 (Fla. 4th DCA 1987); Stoner v. Verkaden, 493 So.2d 1126 (Fla. 4th DCA 1986). In a concurring opinion in Championship Wrestling, Judge Anstead suggested that the question of whether or not a written finding of willful refusal was required in cases such as this was in doubt and that clarification was necessary to put trial courts on notice of such a requirement. Championship Wrestling, 508 So.2d at 1274 (Anstead, J., *1273 concurring). By certifying the instant question, the court has now sought that clarification.
At the outset, we wish to reaffirm the position set forth in Mercer concerning the trial judge's discretion to order dismissal or default for failure to comply with discovery requirements. The standard by which such orders shall be reviewed is whether there was an abuse of discretion. If reasonable persons could differ as to the propriety of the action taken, there can be no finding of an abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). Yet, it is for the very reason that the trial judge is granted so much discretion to impose this severe sanction that we have determined that the subject order should contain an explicit finding of willful noncompliance.
Except where mandated by statute or rule, we are loath to require trial judges to make specific findings of fact in support of their rulings. We have done so, however, in the case of orders which find spouses in contempt for willful nonpayment of alimony, Bowen v. Bowen, 471 So.2d 1274 (Fla. 1985), and the sanction of dismissal or default could be viewed as substantially comparable. By insisting upon a finding of willfulness, there will be the added assurance that the trial judge has made a conscious determination that the noncompliance was more than mere neglect or inadvertence. Further, there are some cases in which the record, standing alone, is susceptible to more than one interpretation and a judge's finding of willfulness can serve to assist the appellate court in reaching its conclusion. See Wallraff v. T.G.I. Friday's, Inc., 490 So.2d 50 (Fla. 1986) (record did not resolve the dispute of whether deposition which plaintiff failed to attend had been cancelled). We hasten to add that no "magic words" are required but rather only a finding that the conduct upon which the order is based was equivalent to willfulness or deliberate disregard.
We answer the certified question in the affirmative and approve the opinion of the district court of appeal.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, EHRLICH, BARKETT and KOGAN, JJ., concur.