573 So.2d 107 (1991)
Larry URBANEK and Josephine M. Beles, Appellants,
v.
R.D. SCHMALTZ, INC., Appellee.
No. 90-0336.
District Court of Appeal of Florida, Fourth District.
January 4, 1991.
Ronald E. Jones of Ronald E. Jones, P.A., West Palm Beach, for appellants.
Richard D. Nadel of Nadel Associates, P.A., Palm Beach Gardens, for appellee.
HERSEY, Chief Judge.
Appellants Urbanek and Beles failed to appear for the scheduled taking of their depositions despite one rescheduling and being given additional time to make themselves available. The court granted a motion for sanctions in an order which provided that the "Defendants' defenses are stricken and a default judgment is entered against them." Thereafter, the court denied appellants' Motion for Relief From Order pursuant to rule 1.540, Florida Rules of Civil Procedure; that order of denial is appealed here.
Appellant Urbanek suggests that his conduct constituted "excusable neglect" as that term is used in rule 1.540(b) and *108 explained in such cases as Mercer v. Raine, 443 So.2d 944 (Fla. 1983) and Somero v. Hendry Gen. Hosp., 467 So.2d 1103 (Fla. 4th DCA), rev. denied sub nom., Hayslip v. Somero, 476 So.2d 674 (1985). Here, although Urbanek knew that a trial date had been set, he was out of the state from May until August and never contacted his attorney during that period.
It is well established that parties who are properly before the court have an affirmative duty to monitor the litigation and to make themselves available at appropriate times. Efficient functioning of the judicial process requires no less. Unexcused inattention for a prolonged period is not excusable neglect. See Fischer v. Barnett Bank of South Florida, N.A., 511 So.2d 1087 (Fla. 3d DCA 1987); Ferrante v. Waters, 383 So.2d 749 (Fla. 4th DCA 1980).
Appellant Beles explains her inattention as resulting from mental incapacity and inability to understand the trial proceedings and her required attendance at the deposition. This is a legally insufficient justification for ignoring judicial proceedings. John Crescent, Inc. v. Schwartz, 382 So.2d 383 (Fla. 4th DCA), cert. denied, Peterson v. John Crescent, Inc. v. Belmont Holding Corp., 389 So.2d 1113 (Fla. 1980), mandamus granted, 401 So.2d 1150 (Fla. 4th DCA 1981), rev. denied, 412 So.2d 469 (Fla. 1982), declined to follow by Jax Sani Serva Sys., Inc. v. Burkett, 509 So.2d 1251 (Fla. 1st DCA 1987). The Schwartz court stated:
The failure of a party to take the required steps necessary to protect its own interests, cannot, standing alone, be grounds to vacate judicially authorized acts to the detriment of other innocent parties. The law requires certain diligence of those subject to it, and this diligence cannot be lightly excused. The mere assertion by a party to a lawsuit that he does not comprehend the legal obligations attendant to service of process does not create a sufficient showing of mistake, inadvertence, surprise or excusable neglect to warrant the vacating of a final judgment.

Id. at 385-86 (emphasis added).
The trial court did not abuse its discretion in denying the rule 1.540 Motion for Relief. There is, nonetheless, a defect in the proceedings which requires that we reverse.
The order on appeal provides as follows:
THIS CAUSE came on to be heard for an evidentiary hearing upon the motion for relief from order filed by the defendants, Larry Urbanek and Josephine M. Beles, pursuant to Florida Rule of Civil Procedure 1.540, to set aside a default judgment entered herein on July 24, 1989, and the court having heard the testimony of the witnesses and argument of counsel and being fully advised in the premises, it is thereupon
ORDERED AND ADJUDGED that the defendant's motion pursuant to Florida Rule of Civil Procedure 1.540 to set aside the judgment entered herein on July 24, 1989, be and the same is hereby denied.
The issue is whether or not an order granting a default must contain a written finding of willful disregard or deliberate violation of the discovery orders or whether such a finding contained in the transcript will be sufficient. Until recently the cases from this district could be interpreted as permitting either a written or an oral finding. That is no longer the law. In Tubero v. Chapnich, 552 So.2d 932 (Fla. 4th DCA 1989), we held:
We do not think it too great a task to require the trial court to make a written finding of the essential facts which supports the imposition of the most severe sanction, and, in line with Stoner, we hold that an order granting a dismissal or default under rule 1.380 for failure to provide discovery must make an express written finding that appellant's conduct was a willful or deliberate violation of the discovery orders.

Id. at 935. In Commonwealth Fed. Savs. & Loan Ass'n v. Tubero, 569 So.2d 1271 (Fla. 1990), the Supreme Court recently approved this court's Tubero opinion. The *109 court determined that an express written finding of willful or deliberate refusal to obey discovery orders was necessary because:
[b]y insisting upon a finding of willfulness, there will be the added assurance that the trial judge has made a conscious determination that the noncompliance was more than mere neglect or inadvertence. Further, there are some cases in which the record, standing alone is susceptible to more than one interpretation and a judge's finding of willfulness can serve to assist the appellate court in reaching its conclusion.
Id. at 1273. See also Carillon Corp. v. Devick, 554 So.2d 630 (Fla. 4th DCA 1989).
We therefore reverse and remand to permit the trial court to enter an order conforming to our pronouncement in Tubero if it is so inclined.
REVERSED AND REMANDED.
DELL and GUNTHER, JJ., concur.