573 So.2d 952 (1991)
NOB HILL AT WELLEBY, LTD., a Florida Limited Partnership, Wallace M. Antin, an Individual, Appellants,
v.
The RESOLUTION TRUST CORPORATION, As Receiver of Professional Savings Bank F/K/a Dixie National Bank of Dade County, Appellee.
No. 89-2450.
District Court of Appeal of Florida, Fourth District.
January 16, 1991.
Rehearing and Clarification Denied February 25, 1991.
Brian R. Hersh and Patricia C. Ellis of Brian R. Hersh, Miami, for appellants.
Robert P. Frankel of Lapidus & Frankel, P.A., Miami, for appellee.
WESSELL, JOHN D., Associate Judge.
This is an appeal (1) from the imposition of the ultimate sanction by the trial court: striking the pleadings of the appellant, Nob Hill at Welleby, Ltd., and (2) of the trial court's denial of appellant, Wallace M. Antin's Motion for Leave to Amend his Third Amended Complaint.
There is ample support for the trial court's decision to strike appellants' pleadings for multiple discovery violations. However in Commonwealth Savs. and Loan Ass'n v. Tubero, 569 So.2d 1271 (Fla. 1990) the supreme court approved this court's decision in Tubero v. Chapnich, 552 So.2d 932 (Fla. 4th DCA 1989) in which this court "ratcheted-up" the standard by now requiring the trial judge to make a specific finding of "willfulness" on the part of the offending litigants before imposing this sanction. Accordingly, we must reverse and remand to the trial judge for him to consider the impact of Tubero and, if appropriate, make the finding required therein.
The second point on appeal concerns the refusal to permit appellant, Antin, a personal guarantor, to file a Third Amended Counterclaim. Because this claim meets the requirement of Rule 1.170(a) Fla.R. Civ.P., we find the trial court erred as a matter of law in denying him his right to file this Compulsory Counterclaim. Accordingly we reverse.
REVERSED AND REMANDED.
DOWNEY and WALDEN, JJ., concur.