575 So.2d 751 (1991)
Stephen H. ROSE and Consolidated Dyeing, Inc., Appellants,
v.
James J. CLINTON, III, Appellee.
No. 90-1241.
District Court of Appeal of Florida, Third District.
March 5, 1991.
*752 Michael I. Rose, James F. Pollack, Miami, for appellants.
Mark A. Kamilar, Miami, for appellee.
Before BASKIN, FERGUSON and LEVY, JJ.
BASKIN, Judge.
Defendants Consolidated Dyeing, Inc., and Stephen H. Rose, a Consolidated shareholder, appeal a final judgment. In accordance with a jury verdict, the court entered an Interim Order finding that plaintiff James Clinton III was a shareholder of Consolidated and that he was entitled to an accounting in connection with the sale of Consolidated. Subsequently, the court entered an Order on Motion for Accounting directing the parties to produce documents requested by the court-appointed accountant. When Rose and Consolidated failed to comply, the court entered an order compelling compliance. Rose and Consolidated did not comply with that order either, and the court imposed sanctions. At the status conference held prior to the bench trial on damages, the court entered an order clarifying the order imposing sanctions.[1] The order precluded Rose and Consolidated from presenting evidence to controvert Clinton's proof of damages during the bench trial; however, the court permitted Rose and Consolidated to cross-examine Clinton's witnesses and to make objections. At the conclusion of the trial, the court entered a final judgment against Rose and Consolidated awarding damages to Clinton. Rose and Consolidated seek reversal of the Interim Order, the order imposing sanctions, and the final judgment awarding damages. We affirm the Interim Order, but reverse the order imposing sanctions and the final judgment awarding damages.
The trial court abused its discretion in imposing severe sanctions[2] for non-compliance with discovery absent an order "finding that the conduct upon which the order is based was equivalent to willfulness or deliberate disregard [of the discovery orders]." Commonwealth Fed. Sav. & Loan Ass'n v. Tubero, 569 So.2d 1271, 1272 (Fla. 1990). We therefore reverse the judgment awarding damages and remand for a hearing and further consideration. Tubero. If the court finds a "willful and deliberate refusal to obey a court order to comply with discovery," Tubero, 569 So.2d at 1272, the trial court is authorized to reinstate the orders imposing sanctions[3] and the judgment awarding damages. Lazare v. Weiss, 437 So.2d 211, 212 (Fla. 3d DCA 1983).
Appellants' remaining points lack merit.
Accordingly, the Interim Order is affirmed; the remaining orders are reversed, and the cause is remanded for further proceedings consistent with this opinion.
NOTES
[1] It appears that the trial court did not conduct a hearing on Clinton's motion for sanctions. However, the court revisited the issue at the unreported status conference.
[2] The Order on Status Conference states that the sanction was "tantamount to ... a [d]efault."
[3] We find that the sanctions were commensurate with the discovery violations. Delta Information Serv., Inc. v. Joseph R. Jannach M.D. & Assoc., 569 So.2d 1353 (Fla. 3d DCA 1990).