FRANK, Acting Chief Judge.
In our first review of this dissolution matter we reversed in part and remanded, noting that “[t]he trial judge did not make any finding as to the disposition of the pension plan nor did he justify his failure to make some equitable distribution of the marital property.” O’Leesky v. Liggett, 544 So.2d 268 (Fla. 2d DCA 1989) (O’Leesky I). We disapproved the final judgment’s “provision for lump sum alimony and the division of marital property,” and we directed the trial court to enter specific findings disclosing the basis for an equitable distribution of marital assets or to “justify the lack of any equitable distribution.” Id. p. 269. The judgment entered following remand fails to fulfill the directions set forth in O’Leesky I. We return this case to the trial court for the entry of a final judgment complying with this opinion.
The final judgment reviewed in the instant proceeding discloses no change in the distribution of marital assets, a result, we concede, the trial court was empowered to reach within the range of discretionary authority it possesses. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). That concession, however, does not foreclose the error we find in the trial court’s revisitation of the contest over the allocation of marital assets. We note at the outset that the trial court failed to mention, let alone resolve with specific findings, O’Leesky’s claim of entitlement to some portion of the funds Liggett placed in a pension plan during the marriage. The trial court’s silence with respect to O’Leesky’s asserted interest in Liggett’s pension plan is, indeed, remarkable in light of the trial court’s acknowledgment at the post-remand hearing that the initial final judgment was incomplete:
THE COURT: Well, it’s a pension or retirement plan that I ignored; was it not?
MR. WALLACE: Yes, sir.
THE COURT: I just ignored it.
MR. WALLACE: That’s right. It says—
THE COURT: In the findings of fact that I made?
MR. WALLACE: That is right. That is absolutely it. That is why I was going to say—
THE COURT: In the findings of fact that I made there was not reference made to it.
MR. WALLACE: That’s it. That’s what I was going to say. And basically that is what needs to be here.
*45 It is likely that the omission with respect to Liggett’s pension plan in the second judgment originated in the fact that counsel for the parties tendered proposed judgments after the hearing terminated on December 12, 1989. The record discloses that on December 21, 1989, counsel for Liggett furnished the trial court with a second final judgment which was adopted without change and executed on January 18, 1990. More than a month elapsed between the trial court’s expressed awareness that it had “ignored” the pension plan in its first final judgment and entry of the judgment tendered by Liggett’s attorney. We are aware of the burdens confronting our trial courts in seeking to keep abreast of their case loads and the mandates issued by this court. An oversight of the kind found in the matter at hand, however, is difficult to explain in the light of the deficiencies we identified in O’Leesky I. It is probable that the trial court did not reflect upon Liggett’s attorney’s proposed judgment with O’Leesky I in mind.[1] The events that occurred here acutely emphasize the soundness of the third district’s observation in Waldman v. Waldman, 520 So.2d 87, 88 n. 4 (Fla. 3d DCA), rev. denied, 531 So.2d 169 (1988), that the verbatim adoption of proposed judicial orders without an attendant hearing, and especially where findings are critical, can lead to overreaching. See also Haas v. Haas, 552 So.2d 221 (Fla. 2d DCA 1989).
The second judgment reveals virtually nothing to sustain the trial court’s statement “that the wife is not entitled to any more than she has previously received under prior orders of the court.” That conclusion, wholly without explanatory support, falls short of satisfying our mandate that specific findings accompany the trial court’s determinations upon remand. The trial court’s views, which we denominate “comments,” that O’Leesky did not significantly contribute to the marriage, that her participation in it was “much less than expected of any partner to a marriage, that she had a negative influence on this marriage,” that she “was in fact detrimental to this marriage,” and that Lig-gett “would have actually been more successful were it not for this marriage,” seem to reflect the trial court’s subjective perception of or reaction to O’Leesky.
have given careful attention to whether the trial court’s comments fall within the intendment of section 61.-61.-Florida Statutes (1989), which au-aua trial court in achieving an eq-eqdistribution of marital assets to con-conin addition to the several particular-particularcriteria, “[a]ny other factor necessary to do equity and justice between the par-parOur research has disclosed no appel-appeldecision passing upon the purpose or effect of that portion of the statute. In our view, however, the “catchall” provision is designed to encompass the extraordinary circumstance in which application of the specific criteria found in subparts (a) through (g) of section 61.075(1) is incapable of accomplishing the statutory objective of equitably distributing marital estates. The trial court’s acceptance, without more, of Liggett’s attorney’s proposed judgment en-enit in the complexity of weighing fault and ultimately attaching it all to O’Leesky. Perhaps in some settings, which we refrain from attempting to pre-prematters of the kind encompassed with-withthe trial court’s comments may justifi-justifiaffect an equitable distribution, but not on the record before us.
Based upon the foregoing, we again return this proceeding to the trial court with the instruction that it support each of the following matters with specific findings: (1) a determination of the precise amount of money Liggett placed in the pension plan during the marriage; (2) a determination of O’Leesky’s entitlement to an equitable share of the funds contributed to Liggett’s pension plan and her portion, if *46 any; and (3) a reassessment of whether the $9,200 lump sum alimony award is adequate.
Reversed and remanded.
THREADGILL and ALTENBERND, JJ., concur.

. We are certainly critical of Liggett’s trial counsel, not his appellate counsel, for submitting a suggested final judgment which paid no heed to the unmistakable concern this court demonstrated in O'Leesky I with regard to the pension plan.