582 So.2d 805 (1991)
Marvel RODRIGUEZ, Appellant,
v.
THERMAL DYNAMICS, INC., et al., Appellees.
No. 90-2176.
District Court of Appeal of Florida, Third District.
July 23, 1991.
Seymour London, Miami, for appellant.
Conrad, Scherer & James, Fort Lauderdale, and Valerie Shea, Miami, Ligman, Martin & Evans, Coral Gables, for appellees.
Before SCHWARTZ, C.J., and NESBITT and GERSTEN, JJ.
PER CURIAM.
Marvel Rodriguez appeals the final order dismissing his complaint for lack of prosecution. We reverse and remand.
*806 Under the guidance of an attorney, Rodriguez filed a products liability action against Thermal Dynamics. Two years subsequent to the incident causing Rodriguez' injuries, a successor attorney appeared on Rodriguez' behalf. That attorney admittedly and undisputedly took only the minimal necessary steps under Florida Rule of Civil Procedure 1.420(e) to keep the action pending and avoid dismissal.
Thermal Dynamics sent two deposition notices and the court issued one agreed order for the taking of depositions. Rodriguez did not appear on any of the three dates. During that time, Rodriguez' attorney was recovering from a serious heart illness, which had hospitalized him for several months. On the date Rodriguez violated the only agreed court order for the taking of depositions, Thermal Dynamics filed a motion to dismiss based on Rodriguez' inattention to the case for over three years and the discovery violations. The court granted the motion; however, no written findings of willful or deliberate disregard of court orders accompanied the dismissal.
First, in order to dismiss a cause for noncompliance with discovery, a trial judge must issue an express written finding of willful or deliberate violation of a court's discovery order(s). Commonwealth Fed. Sav. and Loan Ass'n v. Tubero, 569 So.2d 1271, 1273 (Fla. 1990); Rose v. Clinton, 575 So.2d 751, 752 (Fla. 3d DCA 1991); Nob Hill at Welleby, Ltd. v. Resolution Trust Corp., 573 So.2d 952 (Fla. 4th DCA 1991); CDR Mktg., Inc. v. Chopin, 573 So.2d 450, 451 (Fla. 4th DCA 1991); Urbanek v. R.D. Schmaltz, Inc., 573 So.2d 107, 108-9 (Fla. 4th DCA 1991).
Second, in the instant case, assuming arguendo that the trial court's order had contained an express written finding of willful or deliberate disregard, dismissal would have nonetheless been improper. The violation of the one agreed court order, in light of the attorney's illness, did not constitute a willful and deliberate violation under Tubero.
The trial court's order of dismissal was obviously entered in the exercise of its inherent authority to manage and control its docket. We respect that right and duty, and observe that in the event of future substantial derelictions by Rodriguez or his counsel to thwart or prevent the progression of this case, the trial court will be authorized to exercise its inherent authority to dismiss the action. Should such an eventuality occur, the trial court will be empowered to look at all of the factors and circumstances of previous derelictions from the commencement of the action through the date of the action or non-action which fails to move this case toward resolution.
Accordingly, the trial court's order is reversed and the cause remanded for further proceedings consistent with this opinion.