REESE, THOMAS S., Associate Judge.
Global Recreation, Ltd. (Global), Carol Rennebeck, and Bernd Rennebeck appeal a final judgment which was entered against them and in favor of Arco Shows, Inc. (Arco) after the trial court struck their pleadings. The trial court struck their pleadings because they failed to obtain new counsel pursuant to the trial court’s order. We reverse because the trial court made no findings of willful or deliberate noncompliance with the trial court’s order. The record suggests that Global and the Renne-becks’ inaction may have been caused by a legitimate confusion concerning the status of the lawsuit.
In September 1986, Arco filed suit against Global, the Rennebecks, Helliel-Mahler, Inc., and Kirt Mahler. Global is a New Jersey corporation, and the Renne-becks own Global and live in New Jersey. Helliel-Mahler is a German corporation with offices in California, and Kirt Mahler is a resident of California. The complaint generally alleged that Arco had purchased an amusement ride, which was located in South Carolina, from these defendants. Global and the Rennebecks allegedly agreed to disassemble the ride and move it *456 to Florida. In this process, the ride was damaged. As a result, Arco sued for a return of its partial payment, lost profits, and incidental expenses.
The same attorney represented all defendants. Helliel-Mahler and Kirt Mahler filed a counterclaim against Arco. Arco, Helliel-Mahler, and Kirt Mahler executed a settlement agreement on February 16, 1989, in which they stipulated that a final judgment would be entered against Arco in the event Arco failed to make the final payments for the amusement ride. Arco did not pay, and the trial court entered a final judgment on September 26, 1989, against Arco and in favor of Helliel-Mahler and Kirt Mahler. From the perspective of Helliel-Mahler and Kirt Mahler, the lawsuit was over. Nevertheless, Arco’s claim against Global and the Rennebecks remained pending.
In July 1990, the trial court sua sponte set the case for trial in November 1990. In response, defense counsel filed a motion to withdraw as counsel. The trial court entered an order on September 10, 1990, relieving counsel of any further responsibility with regard to representation of Global and the Rennebecks. The trial court ordered Global and the Rennebecks to secure new counsel within ten days or their pleadings would be stricken and defaults entered. The trial court sua sponte struck their pleadings and entered defaults against Global and the Rennebecks on September 28, 1990. Global and the Renne-becks, through their newly retained Florida attorney, filed a motion to set aside the default and reinstate the pleadings on November 8, 1990. The trial court denied the motion to set aside the default and, on November 15, 1990, entered a final judgment for Arco in the amount of $287,800.
Global and the Rennebecks admit that they did not retain new counsel as ordered by the trial court. In conjunction with the motion to set aside default, however, Mr. Rennebeck filed an affidavit explaining that he had contacted Kirt Mahler when he received the order. Mr. Rennebeck further explained that, based on their conversation, he believed that the case was fully concluded.
A trial judge has discretion to strike pleadings and enter a default against a party for noncompliance with a court’s order requiring the party to secure counsel. Carillon Corp. v. Devick, 554 So.2d 630 (Fla. 4th DCA 1989); see also Commonwealth Fed. S & L Ass’n v. Tubero, 569 So.2d 1271 (Fla.1990) (trial court has discretion to order default against a party for failure to comply with discovery requirements). This sanction, however, should only be employed in extreme circumstances such as when the party exhibits a deliberate and contumacious disregard for the court’s authority. Mercer v. Raine, 443 So.2d 944 (Fla.1983). Moreover, the trial court’s order imposing sanctions must contain an explicit finding of willful or deliberate noncompliance with the court's authority. Tubero.
In the instant case, neither the trial court’s order striking the pleadings of Global and the Rennebecks, nor the record before us on appeal contains a specific finding by the trial court of willful disregard for the court’s authority. We conclude, based on the above, that the trial court abused its discretion when it struck the pleadings and entered defaults against Global and the Rennebecks without making an explicit finding of willful noncompliance with the trial court’s order, which required them to retain new counsel. Accordingly, we vacate the final judgment and remand for the entry of an amended order containing the findings required by Tubero if the record supports such a finding. Alternatively, the trial court is directed to reinstate the pleadings if it concludes that the record does not support a finding of willful noncompliance with the court’s authority.
Judgment vacated and cause remanded for further proceedings consistent with this opinion.
DANAHY, A.C.J., and ALTENBERND, J., concur.