585 So.2d 1131 (1991)
Armando A. ARANGO and Elsa L. Arango, Appellants,
v.
Santiago ALVAREZ, Appellee.
No. 90-1827.
District Court of Appeal of Florida, Third District.
September 17, 1991.
Proenza, White, Huck & Roberts and H. Mark Vieth, Miami, for appellants.
Joel L. Tabas, Miami, for appellee.
Before BARKDULL, BASKIN and LEVY, JJ.
PER CURIAM.
The appellants, who were the defendants below, appeal the trial court's entry of a default against them for their failure to appear at the calendar call. We affirm.
Plaintiff Santiago Alvarez brought suit against defendants Armando A. and Elsa L. Arango, seeking to recover sums due under a promissory note. Thereafter, counsel for the defendants withdrew from the case, and the defendants proceeded pro se. The case was set for trial by an Order *1132 dated November 14, 1989, for the two-week period commencing May 28, 1990. The Trial Order set the calendar call for May 25, 1990. The defendants failed to appear at the calendar call and a final default judgment was entered against them on June 11, 1990.
Although it was not the basis for the entry of the default, it is noteworthy that a careful review of the record reveals repeated failures on the part of the defendants to comply with numerous orders of the trial court. First, the defendants failed to comply with court orders regarding discovery prior to the time of the calendar call. Specifically, prior to the date of the trial, the plaintiffs had propounded extensive discovery requests upon the defendants. The defendants requested an extension, and the trial court entered an order requiring the defendants to respond by March 27, 1990, which was an additional thirty days past the original deadline. The defendants did not timely file or serve a response, and the plaintiff filed a Motion for Sanctions on March 30, 1990, stating that the defendants' failure to comply with the discovery order impaired the plaintiff's ability to prepare for the May 28, 1990 trial. The court then entered another order on May 2, 1990, directing the defendants to respond to the discovery which the plaintiff had propounded five months earlier. However, the defendants also failed to comply with this second discovery order by failing to attend court-ordered depositions.
More importantly, regarding the defendants' failure to attend the calendar call, the record reveals that the defendants had been placed on notice of the calendar call despite the fact that the Order setting the cause for calendar call does not reflect that the defendants received a copy. One month prior to the calendar call, on April 26, 1990, the plaintiff had filed a witness and exhibit list which was served upon the defendants at their home. The witness and exhibit list specifically stated that it was being filed "pursuant to this Court's Order Setting Cause for Trial and Order of Pre-Trial Instructions." Thus, the defendants were placed on notice that an Order existed which set the cause for trial and provided for a calendar call. The fact that the defendants chose not to review the file and to ignore the existence of the Order, after having been placed on such notice, cannot absolve the defendants of the responsibility to comply with the contents of that Order. Furthermore, it is blatantly obvious that the defendants were aware of the existence of the Trial Order as evidenced by the fact that they had filed a motion requesting a continuance of the scheduled trial date well in advance of the calendar call. Their stated reason for failing to appear at the calendar call was that they did not understand that they were required to personally attend the calendar call and, thus, did not comply with the court's instructions. The defendants claimed inability to understand the trial proceedings is not a sufficient justification for ignoring the judicial process, which includes a specific instruction contained in a Court Order, and does not constitute excusable neglect. See Urbanek v. R.D. Schmaltz, Inc., 573 So.2d 107 (Fla. 4th DCA 1991); John Crescent, Inc. v. Schwartz, 382 So.2d 383 (Fla. 4th DCA), cert. denied, 389 So.2d 1113 (Fla. 1980). As stated by the court in John Crescent, Inc. v. Schwartz, 382 So.2d at 385: "The law requires certain diligence of those subject to it, and this diligence cannot be lightly excused. The mere assertion by a party to a lawsuit that he does not comprehend ... legal obligations ... does not create a sufficient showing of mistake, inadvertence, surprise or excusable neglect... ." Although the defendants have cited several cases which stand for the general proposition that the entry of a default judgment or the dismissal of a complaint is too severe a sanction for failure to appear at a calendar call, see Lahav Flooring and Fixtures, Inc. v. Flecher, 571 So.2d 551 (Fla. 3d DCA 1990); J.B. Muros Corp. v. International Mall, Inc., 534 So.2d 818 (Fla. 3d DCA 1988); Bullock v. Metropolitan Dade County, 438 So.2d 151 (Fla. 3d DCA 1983), we find these cases to be inapplicable. The rationale in these decisions appears to be that the court should not punish a litigant by entering a default where it was the attorney representing the litigant who was *1133 derelict by failing to appear at a calendar call. However, none of these cases involved a situation where the litigants were acting on their own behalf in a pro se capacity, and where it was the litigants themselves who failed to appear at the calendar call. The entry of a default under these circumstances is a proper method of punishing litigants for their own wrongful actions in willfully not appearing at a calendar call.
Taking all these factors into consideration, we find that it was not an abuse of the trial court's discretion to interpret the defendants' failure to appear at the calendar call, after the defendants had already established a pattern of disobeying and/or ignoring the earlier orders entered by the Court, as being willful and intentional, thereby justifying the entry of a default. See Mercer v. Raine, 443 So.2d 944 (Fla. 1983); F. Food Company, Inc. v. Hart Properties, Inc., 515 So.2d 279 (Fla. 3d DCA 1987), review denied, 523 So.2d 577 (Fla. 1988); Morales v. Perez, 445 So.2d 393 (Fla. 3d DCA), cause dismissed, 453 So.2d 44 (Fla. 1984); A.H. Robins Co., Inc. v. Devereaux, 415 So.2d 30 (Fla. 3d DCA 1982), review denied, 426 So.2d 25 (Fla. 1983); Johnson v. Allstate Insurance Company, 410 So.2d 978 (Fla. 5th DCA 1982); W.G.C. Inc. v. Man Co., 360 So.2d 1152 (Fla. 3d DCA 1978); City of Miami Beach v. Chadderton, 306 So.2d 558 (Fla. 3d DCA 1975), cause dismissed, 312 So.2d 757 (Fla. 1975).
As far as the determination of the amount of attorney's fees is concerned, it was error for the trial court to make its award without first holding an evidentiary hearing. Accordingly, we vacate the actual amount awarded, and remand to the trial court for an evidentiary hearing at which time the defendants will have the opportunity to contest the amount sought by the plaintiffs.
Affirmed in part, reversed in part and remanded.
BARKDULL and LEVY, JJ., concur.
BASKIN, Judge (dissenting).
Because the majority fails to enforce the Arangos' basic due process rights to receive notice, I am compelled to dissent. The sole stated reason for the trial court's entry of a final default judgment against the Arangos was their failure to appear at calendar call. The fact that the Arangos were aware of the trial date is not conclusive of the issue before us; namely, whether the Arangos knew the date of calendar call and intentionally failed to appear. The entry of a default for failure to appear at a calendar call, in view of the apparent lack of notice, is too extreme a sanction.
The Arangos learned that the default had been entered when, prior to trial, they called the court to determine the trial date. Proceeding without counsel, the Arangos were unaware their presence was required at the calendar call. The Order Setting Cause for Non-Jury Trial and Order of Pre-trial Instructions does not reflect that the trial judge's judicial assistant mailed a copy to the Arangos. It indicates that a copy was sent only to the attorney for their opponent. The Arangos may have been made aware of the trial date during conversations with Alvarez's counsel, but nothing in the record shows they received the notice of the calendar call date or were informed they were required to attend.[1]
In the absence of proof of a knowing failure to appear, entry of the default, the ultimate sanction, is unjust. The failure to appear at a call of the trial calendar is not the equivalent of a failure to defend at trial and does not warrant the severe sanction of entry of a default judgment. Lahav Flooring & Fixtures, Inc. v. Flecher, 571 So.2d 551 (Fla. 3d DCA 1990); see J.B. Muros Corp. v. International Mall, Inc., 534 So.2d 818 (Fla. 3d DCA 1988) (dismissal of complaint is too severe a sanction for failure to appear at calendar call); Bullock v. Metropolitan Dade County, 438 So.2d 151 (Fla. 3d DCA 1983) (same). The majority correctly asserts that these cases so hold because courts are loathe to sanction litigants for the omissions of their attorneys; however, a harsher remedy should *1134 not be applied to pro se litigants when their omission is not purposeful or knowing. Although pro se litigants must proceed with due regard for the rules of procedure, Thomas v. Pridgen, 549 So.2d 1195, 1196 (Fla. 1st DCA 1989), there is no evidence that the Arangos' failure to appear at calendar call was an effort to "thwart or prevent the progression of this case... ." Rodriguez v. Thermal Dynamics, Inc., 582 So.2d 805 (Fla. 3d DCA 1991).
The Arangos' discovery violations have no relevance to the issue before us. The record reveals that the trial court entered one order compelling discovery, namely, it required the Arangos to appear at a deposition. The Arangos did not appear at the deposition, but instead, filed a motion for a protective order. The court did not rule on the motion. There are no orders sanctioning the Arangos for discovery violations or in any other way impeding the advance of the cause.[2] The record does not demonstrate egregious or repeated discovery violations resulting in such a protraction of litigation so as to warrant the severe sanction of default. In fact, when the default was entered, the case had been pending for less than a year. In the motion for rehearing on the final default judgment, the Arangos' newly-engaged counsel represented to the court that the matter could be heard within the next two months.
The entry of a default for discovery violations, had the trial judge chosen to do so on that ground, would have been inappropriately severe. Mercer v. Raine, 443 So.2d 944 (Fla. 1983). Default based on discovery violations must be accompanied by findings of fact by the trial judge "that the conduct upon which the order is based was equivalent to willfulness or deliberate disregard." Commonwealth Fed. Sav. & Loan Ass'n v. Tubero, 569 So.2d 1271, 1273 (Fla. 1990); Thermal Dynamics. The record in this case does not demonstrate such willfulness or deliberate disregard, and the trial court made no such findings. A default based on discovery violations would have been reversible error under these circumstances. Tubero. The appellate majority is not at liberty to substitute its perceptions for the trial court's non-existent findings.
I would reverse the default judgment.
NOTES
[1] Although the Order Setting Cause for Non-Jury Trial and Order of Pre-trial Instructions does state that failure to appear at calendar call will result in the entry of a default, knowledge of its contents cannot be imputed to the Arangos if they never received the Order.
[2] The record demonstrates that the trial court entered only one order against the Arangos. Alvarez filed his complaint in July 1989. Thereafter, the Arangos duly filed their answers and affirmative defenses. The cause was then set for trial in May 1990, pursuant to a November 14, 1989, Order Setting Cause for Non-Jury Trial and Order of Pre-trial Instructions. The certificate of mailing states that a copy of the order was mailed to Alvarez's attorney, but it does not mention the Arangos, or even note that a copy was mailed to them.

On November 16, 1989, Alvarez propounded his first interrogatories and served requests for production and admissions. The Arangos filed a motion for extension of time to respond to the discovery in December; the trial court granted the motion in February 1990, granting the Arangos an additional thirty days to respond. The Arangos' responses were due on March 27, 1990. The Arangos did not file responses by that time. On March 30, 1990, Alvarez filed a motion for sanctions against the Arangos. The trial court denied the motion for sanctions on May 2, 1990, and ordered the Arangos to appear at a deposition and produce certain documents. The Arangos produced the documents on May 8, 1991, and filed a motion for a protective order to postpone the deposition until they could hire counsel. They were trying to obtain a loan to pay for legal services. On the same date, the Arangos filed a motion requesting a continuance of trial pending their retaining an attorney. The trial court never ruled on the motion. The next day, May 9, 1990, Alvarez filed a motion to strike the Arangos' pleadings and to enter a default. The trial court did not rule on the motion. On May 25, 1990, the Arangos did not appear at calendar call, and the court entered the default judgment.