LEHAN, Judge.
This is an appeal by a husband from a final judgment in a dissolution of marriage case. The final judgment is based at least in part upon a judgment of default which had been entered as a sanction against the husband apparently for his fail *14 ure to comply with an order requiring him to pay temporary support and attorney’s fee arrearages. Finding the final judgment in error for several reasons, we reverse and remand for a trial of all issues except that raised by the contention of the husband that there had been no valid marriage. Without a transcript of the proceedings below supporting that contention, we must affirm the trial court’s prior ruling that “there is in fact a valid marriage between the two parties to this action.” See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979). Our reasons for finding the final judgment in error are outlined below.
First, the default judgment was unauthorized as a sanction for the failure of the husband referred to above. Florida Rule of Civil Procedure 1.380(b)(2)(C) authorizes a judgment by default as a sanction for the failure of a party to comply with a court order to provide or permit discovery, and the wife argues that the husband failed to comply with orders of the trial court in that regard. However, the basis of the motion for default judgment, and thus the above referenced apparent basis of the trial court’s grant thereof, was not a failure of the husband to comply with orders relating to discovery. Nor was that basis a failure to plead or otherwise defend. See 33 Fla.Jur.2d Judgments and Decrees § 270 (1982).
Second, even if the default judgment was for failure to comply with discovery orders, such a sanction is unauthorized without written findings that the failure was willful or at least equivalent to willfulness and a deliberate disregard of such orders. See Commonwealth Fed. Sav. & Loan Ass’n v. Tubero, 569 So.2d 1271 (Fla.1990). No such findings were made.
Third, the equitable distribution ordered in the final judgment is not supported by findings. In this case the absence of such findings precludes adequate appellate review. See Haas v. Haas, 552 So.2d 221 (Fla. 2d DCA 1989). See also O’Leesky v. Liggett, 582 So.2d 43 (Fla. 2d DCA 1991).
During further proceedings after remand nothing in this opinion shall prevent the trial court’s consideration of the husband’s prior apparent recalcitrance in this case should the occasion arise for a determination of whether any future such recalcitrance constitutes grounds for sanctions.
Reversed and remanded for proceedings consistent herewith.
CAMPBELL, A.C.J., and PATTERSON, J., concur.