BARFIELD, Judge,
concurring.
I concur in the result only. Not only is “dismissal with prejudice ... too harsh a sanction to impose for failure to attend an IME not ordered by the JCC,” but it is not an available sanction at all. The independent medical examination requested by the employer is covered by section 440.25(6), Florida Statutes. Under that section the judge of compensation claims has the authority to order a medical examination to which the employee must submit or suffer such sanctions as the judge may choose to impose for violation of his order as contemplated by rule 4.150. Without passing on the issue, I suggest that it is fairly debatable that the only sanction that may be taken with or without an order of the judge of compensation claims is the suspension of proceedings and payment of compensation for any period during which the employee refuses to submit to an examination.
I can see no relevance in the decision in Commonwealth Federal Savings & Loan Association v. Tubero, 569 So.2d 1271 (Fla. 1990), which dealt with failure to comply with court-ordered discovery in a civil case pursuant to an order issued following a motion to compel discovery.