659 So.2d 1218 (1995)
alexa St. Joy TOWNSEND, Appellant,
v.
David FEINBERG, and the Hertz Corporation, Appellee.
No. 93-3776.
District Court of Appeal of Florida, Fourth District.
August 23, 1995.
*1219 Patricia I. Taylor, Stuart, for appellant.
Bard D. Rockenbach of Sellars, Supran, Cole & Marion, P.A., West Palm Beach, for appellees.
PER CURIAM.
This is an appeal from a final judgment dismissing appellant's personal injury action with prejudice and awarding costs to appellees. We reverse and remand.
The dismissal in this case was precipitated by appellant's failure to attend a court-ordered independent medical examination (IME) and a scheduled deposition. The court granted appellees' motion for sanctions by striking appellant's pleadings, dismissing the case with prejudice, and assessing costs in the amount of $425.00 against appellant.
Appellant petitioned for a rehearing alleging that her failure to attend both the IME and the deposition was the result of inadequate communication and instructions from her attorney. She asserted in her motion that she had dismissed her previous law firm and that all of her transgressions occurred during the month when she was not represented by counsel. Appellant included an affidavit in which she stated that her attorney would not communicate with her, did not notify her of the IME or of the hearing date on the motion for sanctions, and would not transfer her file to the new law firm which she hired. She attested that her failure to comply with the court order was inadvertent. Nevertheless, the trial court denied appellant's motion for rehearing.
It is uniformly held that dismissal is a drastic remedy which courts should employ only in extreme situations. Clay v. City of Margate, 546 So.2d 434 (Fla. 4th DCA 1989). Prior to exercising its discretion to grant dismissal based on failure to comply with a court order, the court must make a finding that the failure to comply was willful or contumacious. In the case at bar, there was no finding in the order of dismissal that appellant's failure to attend her IME or her deposition was "willful or contumacious" or that appellant's action, or non-action, resulted in prejudice to appellee. The failure to make the requisite findings in the order of dismissal constitutes reversible error. See Commonwealth Federal Savings and Loan Assn. v. Tubero, 569 So.2d 1271 (Fla. 1990); In re the Forfeiture of Twenty Thousand Nine Hundred Dollars ($20,900) U.S. Currency, 539 So.2d 14 (Fla. 4th DCA 1989).
We do not mean to imply that the mere inclusion of the "magic words" in the order of dismissal would have cured the error in this case. To the contrary, there is nothing in the record which indicates that appellant willfully failed to comply with the court's orders. We therefore reverse the dismissal with prejudice and direct the trial court to proceed with a trial on the merits.
GUNTHER, C.J., and KLEIN and SHAHOOD, JJ., concur.