PER CURIAM.
Under the facts of this case, we find that the trial court abused its discretion in *733 striking appellant’s pleadings as a sanction for failing to attend a mediation conference. The record does not demonstrate that level of misconduct which justifies the imposition of the severest of sanctions. See Roggemann v. Boston Safe Deposit and Trust Co., 670 So.2d 1073 (Fla. 4th DCA 1996); Townsend v. Feinberg, 659 So.2d 1218 (Fla. 4th DCA 1995). Other than the failure to attend mediation, the only misconduct relied upon by the trial court to justify the sanction was a failure to properly reply to a request for production. In response to an order compelling production, appellant prepared a two page handwritten memorandum, which he faxed to his attorney. The attorney then faxed his client’s handwritten missive to opposing counsel, instead of working with appellant to prepare a proper response under Fla. R.Civ.P. 1.350. Both incidents of misconduct reflect derelictions of appellant’s attorney,[1] which do not support the striking of appellant’s pleadings in this case. See Kozel v. Ostendorf, 629 So.2d 817 (Fla.1994); Crystal Lake Golf Course, Inc. v. Kalin, 252 So.2d 379 (Fla. 4th DCA 1971).
As to the order imposing sanctions for the failure to produce documents, we find no abuse of discretion. We reverse the final judgment, the partial final judgment in favor of plaintiff as to liability and the November 2, 1995 order granting plaintiffs’ motion for sanctions. In light of the reversal, it is unnecessary to reach the other issue on appeal.
REVERSED AND REMANDED.
POLEN, PARIENTE and GROSS, JJ., concur.

. Williams' appellate attorney did not handle the case at the trial level.