701 So.2d 1230 (1997)
Rose HARPER-ELDER, Appellant,
v.
Robert Lee ELDER, Appellee.
No. 97-0606.
District Court of Appeal of Florida, Fourth District.
December 3, 1997.
*1231 Matthew S. Nugent and John F. Schutz of Law Office of Matthew S. Nugent, West Palm Beach, for appellant.
Virginia D. Stow of Law Offices of W. George Allen, Fort Lauderdale, for appellee.
PARIENTE, Judge.
Appellant, Rose Harper-Elder (wife), appeals a final default judgment entered against her in favor of appellee, Robert Lee Elder (husband). We are required to reverse the final judgment because none of the orders imposing sanctions, including the order striking wife's pleadings, contain the necessary express findings of willfulness required when this ultimate sanction is imposed. See Commonwealth Fed. Sav. & Loan Ass'n v. Tubero, 569 So.2d 1271 (Fla. 1990); Mercer v. Raine, 443 So.2d 944 (Fla. 1983).
Prior to default, the trial court entered several orders sanctioning wife for her noncompliance with husband's discovery requests. Ultimately, the trial court struck wife's pleadings for noncompliance with the court's discovery orders, entered a default and did not allow wife to participate further in the dissolution proceedings.
There is ample support for a trial court's decision to strike a party's pleadings for multiple discovery violations. See Nob Hill at Welleby, Ltd. v. Resolution Trust Corp., 573 So.2d 952 (Fla. 4th DCA 1991). However, all such decisions must be accompanied by the requisite findings of willfulness as mandated by Tubero.
While no "magic words" are required for compliance with Tubero, the rationale for the requirement of an express finding is that:
By insisting upon a finding of willfulness, there will be the added assurance that the trial judge has made a conscious determination that the noncompliance was more than mere neglect or inadvertence. Further, there are some cases in which the record, standing alone, is susceptible to more than one interpretation and a judge's finding of willfulness can serve to assist the appellate court in reaching its conclusion.
Tubero, 569 So.2d at 1273. In this case, the record may certainly support a finding that wife willfully failed to comply with the trial court's orders. Cf. BLL Properties, Inc. v. TRS Juniors, Inc., 679 So.2d 365 (Fla. 4th DCA 1996); Townsend v. Feinberg, 659 So.2d 1218 (Fla. 4th DCA 1995).
Accordingly, on remand the trial court may, if deemed necessary, conduct an evidentiary hearing for the limited purpose of having wife present evidence of any mitigating or extenuating circumstances demonstrating that her noncompliance was not deliberate or willful. See Rose v. Clinton, 575 So.2d 751 (Fla. 3d DCA 1991); Roy v. Gordon, 541 So.2d 735 (Fla. 1st DCA 1989). If the trial court determines that the sanctions were justified and makes the express findings required by Tubero, it is authorized to reinstate the orders striking wife's pleadings and the final judgment. See Nob Hill; Urbanek v. R.D. Schmaltz, Inc., 573 So.2d 107 (Fla. 4th DCA 1991); Rose, 575 So.2d at 752; Global Recreation, Ltd. v. Arco Shows, Inc., 585 So.2d 455 (Fla. 2d DCA 1991).
Alternatively, if the trial court determines that the noncompliance was not willful, it is directed to reinstate wife's pleadings. See Global Recreation, 585 So.2d at 456. Assuming that the trial court properly struck the pleadings and entered a default, wife's remaining points on appeal attacking the final judgment of dissolution lack merit. Cf. Regante *1232 v. Belsky, 600 So.2d 13 (Fla. 2d DCA 1992).
STEVENSON, J., and MARRA, KENNETH A., Associate Judge, concur.