COPE, J.
In this probate matter, the mother of the decedent appeals an order striking her pleadings and entering judgment against her. We reverse.
In the trial court the mother contended that the decedent’s will was invalid and that the estate should pass by intestate succession. The guardian for certain minor beneficiaries under the decedent’s will contended that the will was valid and should govern the probate proceeding.
In striking the mother’s pleadings, the court stated that the mother had not complied with court instructions regarding the initiation of the adversary case to determine the validity of the will. With all due respect to the trial court, the court itself had issued orders which were not entirely clear, which (understandably) confused the parties. Indeed, all of the parties interpreted the trial court’s orders as instructing the guardian, as proponent of the late-discovered will, to initiate the adversary proceeding, and the guardian did so. After that adversary case was opened, the court then issued an order stating that the mother was directed to file an adversary proceeding, and the mother did so. The court blamed the mother for delaying the proceedings (the delay was very brief at best), but it appears that the confusion resulted from ambiguity in the court’s orders.
Although there was no apparent need to expedite this case, the trial court set an almost immediate trial date, and did so before the pleadings were closed. Because what amounted to an expedited trial date had been set, the trial court then granted the guardian’s motion for expedited discovery, imposing unusually short deadlines for the medical discovery relating to the competency of the decedent.
When the mother was unable to meet the shortened deadlines, she requested a continuance. She also objected to the trial date, pointing out that the trial date was premature under Florida Rule of Civil Procedure 1.440, which requires that the action be at issue and that the trial be set not less than thirty days from service of the notice for trial. See id. R 1.440(a), (c); see also Fla. Prob. R. 5.025(d)(2).
The objection that the action was not at issue was well taken and the mother was entitled to a continuance for that rea *502 son. See, e.g., S.W.T. v. C.A.P., 595 So.2d 1084, 1085 (Fla. 4th DCA 1992); Jackson v. Feit, 594 So.2d 869 (Fla. 4th DCA 1992); Lauxmont Farms, Inc. v. Flavin, 514 So.2d 1133, 1134 (Fla. 5th DCA 1987); Broussard v. Broussard, 506 So.2d 463 (Fla. 2d DCA 1987). In addition, as there was no emergency, the trial court should have granted the mother’s request for additional time to comply with her discovery obligations and arrange for expert testimony.
The sanction of striking pleadings was discussed in Commonwealth Federal Savings and Loan Ass’n v. Tubero, 569 So.2d 1271 (Fla.1990). There the supreme court noted “that because of the severity of such a sanction it should only be employed in extreme circumstances.... ” Id. at 1272. “A deliberate and contumacious disregard of the court’s authority will justify application of this severest of sanctions, as will bad faith, willful disregard or gross indifference to an order of the court, or conduct which evinces deliberate callousness.” Id. (citations omitted).
The record does not meet the required standard. It is true that the mother’s counsel had originally stated that he could comply with the expedited discovery deadlines set by the trial court, and then did not do so. However, he moved for a continuance precisely because he needed more time, and his request to move the trial date under Rule 1.440 was correct.
Florida has a long-standing policy in favor of trials on the merits. See North Shore Hospital, Inc. v. Barber, 143 So.2d 849, 853 (Fla.1962); West v. Michele Pommier Models, Inc., 681 So.2d 930, 931 (Fla. 3d DCA 1996); Hanft v. Church, 671 So.2d 249, 250 (Fla. 3d DCA 1996); Venero v. Balbuena, 652 So.2d 1271, 1272 (Fla. 3d DCA 1995). For that reason Tubero requires a clear showing of deliberate, intentional misconduct. Indeed, in some cases the courts have taken note of whether the conduct in question was that of the client, or the lawyer. See Dollar Wise Travel, Inc. v. Al-Farooque, 731 So.2d 848 (Fla. 3d DCA 1999); Clark v. Lake City Police Dept., 723 So .2d 901, 903 (Fla. 1st DCA 1999); Kelley v. Schmidt, 613 So.2d 918, 920 (Fla. 5th DCA 1993).
We reverse the judgment and remand for further proceedings consistent herewith.