760 So.2d 281 (2000)
BOCA CASINO CRUISES, INC., a Florida corporation, Appellant,
v.
MONTE CARLO CRUISE CONCESSIONS, INC., a Florida corporation, Appellee.
No. 4D99-2788.
District Court of Appeal of Florida, Fourth District.
June 7, 2000.
Patrick E. Novak, and Stephanie H. Wylie of Horr, Linfors, Skipp & Novak, P.A., Miami, for appellant.
Bruce Alan Weil, and J. Ross Gibson of Zack Kosnitzky, P.A., Miami, for appellee.
PER CURIAM.
In this case, the trial court struck appellant's pleadings, entered a default, and a judgment for appellees on the amended counterclaim.
The Florida Supreme Court has held that an order striking a party's pleading which results in dismissal or a default judgment must be accompanied by an express written finding of willfulness. See Commonwealth Fed. Sav. & Loan Ass'n v. Tubero, 569 So.2d 1271, 1273 (Fla.1990). In Townsend v. Feinberg, 659 So.2d 1218, 1219 (Fla. 4th DCA 1995), this court stated:
It is uniformly held that dismissal is a drastic remedy which courts should employ only in extreme situations. Prior to exercising its discretion to grant dismissal based on failure to comply with a *282 court order, the court must make a finding that the failure to comply was willful or contumacious. In the case at bar, there was no finding in the order of dismissal that appellant's failure to attend her IME or her deposition was "willful or contumacious" or that appellant's action, or non-action, resulted in prejudice to appellee. The failure to make the requisite findings in the order of dismissal constitutes reversible error.
(Citations omitted).
While no "magic words" are required, the trial court's order must contain "a finding that the conduct upon which the order is based was equivalent to willfulness or deliberate disregard." Tubero, 569 So.2d at 1273; see Harper-Elder v. Elder, 701 So.2d 1230, 1231 (Fla. 4th DCA 1997).
The appealed order fails to state any reasons for striking the pleadings, let alone a finding of willfulness. On remand, the trial court may, if it deems necessary, conduct an evidentiary hearing for the limited purpose of having appellant present evidence of mitigating or extenuating circumstances demonstrating that its noncompliance with court orders was not deliberate or willful. If the trial court determines that the sanctions were justified, and makes the findings required by Tubero, it is authorized to reinstate the order striking the pleadings and the judgment on the amended counterclaim. If the trial court decides that the noncompliance was not willful, it is directed to reinstate appellant's pleadings.
REVERSED AND REMANDED.
STONE, POLEN and GROSS, JJ., concur.