PER CURIAM.
Appellants, Jerry R. Mullins, Jr. and Gulf Coast Cattle Services, Inc., appeal the final judgment entered against them in favor of appellee, Waymon Moneyham. The trial court entered an order striking appellants’ pleadings and entered a default judgment against appellants as sanctions for appellants’ failure to timely comply with its order compelling discovery. Because the trial court failed to make an express written finding that appellants’ conduct was a willful or deliberate violation of its order compelling discovery, we reverse and remand for further proceedings.
We are required to reverse the final judgment because the order imposing sanctions failed to contain the necessary express findings of willfulness required when this ultimate sanction is imposed. See Commonwealth Fed. Sav. & Loan Ass’n v. Tubero, 569 So.2d 1271, 1272 (Fla.1990). The record may certainly support a finding that appellants willfully failed to comply with the trial court's order compelling discovery. On remand, the trial court may, if deemed necessary, conduct an evi-dentiary hearing for the limited purpose of having appellants present evidence of any mitigating or extenuating circumstances demonstrating that their noncompliance was not deliberate or willful. See Harper-Elder v. Elder, 701 So.2d 1230, 1231 (Fla. 4th DCA 1997). If the trial court determines the sanctions were justified and makes the express findings required by Tubero, it is authorized to reinstate the order striking appellants’ pleadings and the final judgment. Id.
REVERSED and REMANDED for further proceedings.
WOLF, C.J., LEWIS and POLSTON, JJ., concur.