925 So.2d 1104 (2006)
Robert STABAK, Appellant,
v.
TROPICAL BREEZE ESTATES, INC., a Florida corporation, Appellee.
No. 4D05-2509.
District Court of Appeal of Florida, Fourth District.
April 5, 2006.
William M. Winkel, West Palm Beach, (withdrawn as counsel after filing brief), and Robert Stabak, Boynton Beach, Pro Se.
John R. Sheppard of Becker & Poliakoff, P.A., West Palm Beach, for appellee.
PER CURIAM.
The trial court entered a default judgment against the appellant, Robert Stabak, for failure to comply with discovery requests. Sanctioning a party for discovery violations is within the sound discretion of the trial court, and we will not overturn penalties imposed absent an abuse of discretion. Ham v. Dunmire, 891 So.2d 492, 495 (Fla.2004).
The Florida Supreme Court has cautioned that dismissal of an action because of violation of a discovery order is an abuse of discretion per se, if the trial court does not make express written findings of fact of willful or deliberate disregard of the trial court's order. Id. at 495; see Commonwealth Fed. Savings & Loan Ass'n v. Tubero, 569 So.2d 1271 (Fla.1990). The court reasoned:
Express findings are required to ensure that the trial judge has consciously determined that the failure was more than a mistake, neglect, or inadvertence, and to assist the reviewing court to the extent the record is susceptible to more than one interpretation.
Ham, 891 So.2d at 496. Although no particular "magic words" are necessary, the Ham court emphasized that "the trial court must make a `finding that the conduct upon which the order is based was equivalent to willfulness or deliberate disregard.'" Id. (quoting Tubero, 569 So.2d at 1273).
Here, the trial court made no findings regarding willful or deliberate disregard, or their equivalent, by the defendant. *1105 The court merely stated that Stabak failed to serve plaintiff's counsel with responses to the discovery requests, and that he failed to provide any reasonable excuse for his failure to comply with the court's orders at the hearing on the plaintiff's motion. Accordingly, we reverse and remand for further proceedings.
Reversed.
POLEN, SHAHOOD and TAYLOR, JJ., concur.