MILLS, Judge.
In this appeal, Badertscher asserts that the trial court abused its discretion in refusing to set aside a default judgment entered against him. We disagree and affirm.
It is axiomatic that Florida jurisprudence favors liberality in the area of setting aside defaults in order that parties may have their controversies decided on the merits. North Shore Hospital, Inc. v. Barber, 143 So.2d 849 (Fla.1962). However, “a showing of gross abuse of the trial court’s discretion is necessary on appeal to justify reversal of the lower court’s ruling on a motion to vacate.” 143 So.2d at 852 (emphasis deleted).
In the present case, Badertscher hired an attorney, provided the attorney with materials to act on the case, and then passively relied on the attorney to represent his interests. He contends this constitutes excusable neglect sufficient to satisfy Fla.R. Civ.P. 1.540(b). The trial court disagreed relying on the fact that the attorney contacted by Badertscher never entered the case as the attorney of record due to an apparent dissatisfaction with the parties’ financial arrangement, and Badertscher was aware of this situation.
Whether Badertscher’s conduct constitutes excusable neglect presents a difficult judgment call. However, it is by virtue of the fact that this case does present a judgment call and that is what generally describes discretion, that we are reluctant to disturb the trial court’s ruling.
To conclude, we find no gross abuse of discretion and affirm the denial of Bad-ertscher’s motion to vacate the default judgment entered against him.
BOOTH, C.J., and WENTWORTH, J., concur.