605 So.2d 1295 (1992)
Barry TRUPIN, Appellant,
v.
James M. WALLQUIST, Appellee.
No. 91-0962.
District Court of Appeal of Florida, Fourth District.
October 7, 1992.
Paul S. Berger and Lewis J. Levey of Semet, Lickstein, Morgenstern, Berger, Friend, Brooke & Gordon, P.A., Coral Gables, for appellant.
Gary S. Jones of Hickey & Jones, P.A., Miami, for appellee.
DOWNEY, Judge.
Appellant appeals from an order of the trial court, dated February 26, 1991, denying his motion to vacate a default final judgment. The order was entered in a multi-count suit commenced by appellee against appellant for losses sustained as a result of appellant's offering and sale of investment securities.
After suit was commenced, appellant attacked, without success in the trial court or on appeal, the service of process upon him as a non-resident. Under the rules of procedure, upon remand appellant was required to respond to the complaint by September 15, 1990. Since appellant failed to *1296 plead by said date, appellee moved, on October 25, 1990, for a default judgment, which was granted on November 20, 1990.
On February 15, 1991, appellant moved to vacate said default judgment, supported by his affidavit and that of a New York attorney, Robert Powers. The substance of said affidavits was that Powers had mailed an answer for appellant on November 20, 1990, the very date the trial court entered the default judgment; that, when appellee notified Powers that appellant's answer had not been received by appellee, Powers faxed a copy thereof to Gary Jones, appellee's attorney, on January 24, 1991. Thereafter, on February 11, 1991, appellant moved to vacate the default judgment. Appellee and his attorney filed affidavits in opposition to the motion to vacate, in which Jones states that he had a telephone conversation, on or about November 27, 1990, with Powers wherein they discussed the fact that a default judgment had been entered on November 20, 1990; that he advised Powers that no answer had been received by him nor did one appear in the court file. He stated that Powers advised him that he did not represent appellant in the case and appellant had the responsibility for filing pleadings. No answer had ever been received by Jones until January 24, 1991, approximately two months after Jones had advised Powers of the default. Jones states that, in addition to service of process, appellant was served with the motion for final judgment during October, 1990, and a copy of the final judgment around November 20, 1990. Furthermore, appellant was also served in December, 1990, and January, 1991, with various papers in aid of execution of the judgment in question. Jones also states that appellant's excuse for the lack of diligence in moving to vacate the judgment, i.e., that he was attempting to obtain the Private Placement Memorandum involved in the subject transaction, was clearly disingenuous because a copy thereof was attached to the original complaint in this cause.
Issue was drawn upon the various affidavits of the parties and witnesses which present conflicting facts. On that record the trial judge was apparently persuaded by appellee's presentation and we find no gross abuse of discretion, which, of course, is the standard. Badertscher v. Resort Interiors, 505 So.2d 4 (Fla. 1st DCA 1986).
Accordingly, the order appealed from is affirmed.
WARNER, J., and OWEN, WILLIAM C., JR., Senior Judge, concur.