DOWNEY, Judge.
Appellant appeals from an order of the trial court dated March 20, 1991, denying his motion to vacate a default judgment. While the plaintiffs are different and the suits separate, this case is extremely similar factually to the case of Trupin v. Wallquist, 605 So.2d 1295 decided by this court on this date. Identical counsel appear for the respective parties.
Like Wallquist, this case arises out of a claim by appellee for losses sustained by him as a result of appellant’s offering and sale of investment securities. Like Wallquist, the trial court found that service of process upon appellant was proper and denied appellant’s motion to dismiss, granting appellant fifteen days to file his answer. The order expressly provided that a clerk’s default should be entered if appellant failed to file his answer timely and appellee moved to enter final judgment of default. Prior to the hearing date, counsel for the parties had a telephone conversation on or about November 20, 1990. According to appellee’s affidavits, Mr. Jones, counsel for appellees, told Mr. Powers, counsel for appellant, that a default had been entered against appellant. Powers advised that he was not representing appellant in this case, but that he was trying to help appellant and had mailed an answer for him on the date the default was entered, November 20, 1990. In any event, no answer was filed and thus the trial court entered judgment against appellant. We note the anomaly that, as in Wallquist, once again no answer was ever received by Jones or the clerk’s office although Powers said an answer was mailed.
As in Wallquist, the trial judge in this case was presented with conflicting affidavits as to the facts and he, too, found in favor of the appellee. The record presented here is very similar to that in Wallquist and we conclude here, as we did there, that no gross abuse of discretion was shown.
We pause only to answer appellant’s contention that a clerk’s default was improper in the present case because the clerk is not authorized to enter a default under rule 1.500(a), Florida Rules of Civil Procedure, when the defaulted party has filed any paper in the cause. We recognize the rule, but hold that it does not come into play here because the default was authorized by the trial court’s order denying the appellant’s motion to dismiss and requiring appellant to answer within fifteen days. Absent compliance, the trial court had ordered a default to be entered.
In view of the foregoing, we affirm the order appealed from.
WARNER, J., and OWEN, WILLIAM C„ Jr., Senior Judge, concur.