755 So.2d 649 (1998)
HOBE SOUND RESTAURANT CORP., INC., Appellant,
v.
Rudolph SLATER and Mary Slater, his wife, Appellees.
No. 97-3062.
District Court of Appeal of Florida, Fourth District.
June 24, 1998.
Kenneth M. Rubin of Wiederhold, Moses, Bulfin & Rubin, P.A., West Palm Beach, for appellant.
Esther A. Zaretsky of Law Offices of Esther A. Zaretsky, and Law Office of Stuart E. Kocha, West Palm Beach, for appellees.
STONE, Chief Judge.
We affirm an order denying Appellant's motion to vacate a default judgment. The *650 default judgment was entered upon Appellant's failure to appear for trial following a series of discovery problems.
Following several attempts to depose a representative of Appellant, Appellees, in February 1997, filed a motion to strike Appellant's answer or compel deposition attendance. The trial was scheduled for the court's trial docket of April 28 through May 16, 1997. The trial court denied the motion but warned Appellant that if its representative did not appear for a renoticed deposition, its answer may be stricken.
Appellant's representative failed to appear for the reset deposition and on April 21, 1997, Appellees renewed their motion to strike. The trial court ordered, on April 29, 1997, that Appellant's representative be produced at a specified time, and Appellees filed a new notice of taking deposition in accordance with that order.
The deponent did not appear for the ordered deposition, and Appellees filed another motion for sanctions. At a hearing on that motion, the trial court told Appellees to make every effort to depose the representative that week, as the case was subject to going to trial on the following Monday. the court reserved ruling on the motion, indicating that Appellees could reraise the motion on Monday, May 12, if necessary. During the hearing, the trial court stated, "This case ... is subject to go to trial on Monday [May 12]." When Appellees indicated that they wanted a continuance because the deposition might disclose new information, the trial court stated, "You are not going to know that until you take his depo." The following conversation then took place:
COURT: You are on for trial on Monday....
APPELLEE'S COUNSEL: But we are going on Monday, according to your present schedule?
COURT: I know you are being called.... [t]here's going to be a jury panel here.... We will see you at nine o'clock Monday morning. Thank you very much.
The representative finally appeared for deposition on the Friday before the Monday trial date.
Neither Appellant nor its attorney appeared for trial on Monday, and the trial court orally entered judgment in Appellees' favor on liability "for [Appellant's] failure to arrive at trial and to follow the specific instructions of this Court." The court subsequently entered a written default judgment.
Appellant's motion to vacate asserted Appellant counsel's belief that he would be telephoned if a court appearance was required. The court conducted an evidentiary hearing on the motion and concluded that it had ordered Appellant to appear for trial on May 12 at 9:00 a.m. The court did not accept counsel's explanation as to why he and Appellant's representative did not appear and found that Appellant's actions in failing to appear for trial and for the ordered deposition were willful, in deliberate disregard of the court's authority, done in bad faith, and with gross indifference to the court's orders. At the hearing, the court stated that it remembered Appellant's counsel arguing with the court about a continuance and then stomping out of the courtroom. The court also noted that Appellant's counsel had not brought Appellant's representative to the first hearing on the motion to vacate and that the court had reset the hearing specifically to hear testimony of that individual. Also, although notified of the reset hearing on the motion to vacate, he did not appear. Appellant's representative also had failed to appear for deposition multiple times, and the court recognized that he had even failed to appear for deposition after the trial court had ordered that he do So. We also note that it appeared that Appellant had not cooperated with the attorney.
On this record, this decision was well within the trial court's discretion. See Trupin v. Wallquist, 605 So.2d 1295, 1296 (Fla. 4th DCA 1992); Safetitle, Inc. v. *651 Fidelity Nat'l Title Ins., 701 So.2d 565, 568 (Fla. 5th DCA 1997).
We have considered Lahti v. Porn, 624 So.2d 765, 766 (Fla. 4th DCA 1993), in which we recognized that failure of the plaintiff's counsel to attend docket call and to fully comply with the court's pretrial order did not warrant dismissal of the complaint. We have also considered State of Florida Department of Environmental Regulation v. Chemairspray, Inc., 520 So.2d 96 (Fla. 4th DCA 1988), in which we reversed a dismissal of a complaint where unopposed affidavits established that the plaintiff had failed to attend a case management conference due to sickness, and Garland v. Dixie Insurance Co., 495 So.2d 785 (Fla. 4th DCA 1986), in which we recognized that dismissal was too severe a sanction for failing to appear at a pretrial conference absent a record showing of willful or intentional disregard of a court order. However, none of these cases involve findings of willfulness supported by a record that included instances of a party's participation in frustrating the progress of the case.
In McCormick v. Lomar Industries, Inc., 612 So.2d 707, 708 (Fla. 4th DCA 1993), we recognized that the trial court did not abuse its discretion in striking the plaintiffs' pleadings as a sanction for failure to comply with a request for production. There, we found that the actions of the plaintiffs' counsel did not constitute mere foot dragging, but a deliberate and contumacious disregard of the court's authority where counsel ignored multiple production deadlines, disregarded two court orders for production, and did not even appear at a hearing on a motion for sanctions. Here, there is similar record support, both as to the conduct of counsel and Appellant.
Therefore, the judgment is affirmed.
GUNTHER and KLEIN, JJ., concur.