810 So.2d 1053 (2002)
Jeannie D. CARPENTER, a/k/a Delores Jean Carpenter, Appellant,
v.
Daniel T. McCARTY, III, as personal representative of the Estate of William Davidson Stark, III, Deceased, Appellee.
No. 4D01-466.
District Court of Appeal of Florida, Fourth District.
March 13, 2002.
Barbara J. Scheffer, Palm Beach Gardens, for appellant.
Rupert N. Koblegard, III of Fee Koblegard & DeRoss, Fort Pierce, and Edna L. Caruso of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, for appellee.
PER CURIAM.
The trial court imposed sanctions and dismissed appellant's complaint with prejudice for her failure to comply with various discovery orders. The trial court's order stated:
THIS MATTER having come before me on December 29, 2000, upon the Motion of Defendant/Counter-plaintiff Daniel T. McCarty, III, as Personal Representative of the Estate of William Davidson Stark, III ("McCarty"), for an Order imposing sanctions and assessing fees and costs against Plaintiff/Counter-defendant JEANNIE D. CARPENTER a/k/a DOLORES JEAN CARPENTER ("Carpenter"), for failure to comply with this Court's order compelling discovery, the Court having heard argument of counsel and Carpenter pro se, and having heard testimony of witnesses, finds as follows:
1. Carpenter was ordered by this Court on November 21, 2000, to appear *1054 for deposition in the office of R.N. Koblegard, III, on November 29, 2000.
2. Carpenter failed to appear for deposition on that date, as well as on November 30, 2000, December 4, 2000, and subsequent dates offered by McCarty through December 22, 2000, stating that she was ill.
3. Every effort was made by McCarty's counsel to complete Carpenter's deposition; however, Carpenter failed to appear at any time between November 29, 2000 and December 29, 2000, claiming illness.
4. The evidence presented by McCarty shows that Carpenter was not sick and was able to leave her home on the majority of days when she claimed to have been ill, remaining out of the home for hours at a time, assisting the owners of All Safe Storage by answering the telephone, showing storage units and quoting rates to potential customers; traveling to her attorney's office in Palm Beach Gardens, Florida and a religious store in West Palm Beach, Florida; buying "fast food"; and traveling to Macon, Georgia during the Christmas holidays.
5. Although given proper and timely notice of McCarty's motion, which stated that McCarty believed Carpenter was feigning illness, Carpenter presented no evidence other than her own testimony to prove that she had been too ill to attend deposition.
6. Carpenter had been cautioned in open Court on November 21, 2000, that in the event she failed to appear for deposition and give truthful and complete answers, the Court would consider dismissing her complaint.
7. Carpenter's failure to appear and give truthful and complete answers in sworn discovery appears to be a calculated attempt to block discovery on issues central to her case and to circumvent the Court's order directing her to appear for deposition and answer McCarty's questions.
It is therefore
ORDERED AND ADJUDGED that McCarty's Third Motion for Order Imposing Sanctions for Failure to Comply with Order Compelling Discovery is granted, and Carpenter's Complaint is hereby dismissed with prejudice. The Court hereby reserves jurisdiction to determine the amount of attorney's fees and costs to be awarded McCarty in connection with McCarty's Third Motion for Order Imposing Sanctions.
(Bold emphasis added). An order dismissing a complaint as a sanction must "contain an explicit finding of willful noncompliance." Commonwealth Fed. Sav. & Loan Ass'n v. Tubero, 569 So.2d 1271, 1273 (Fla. 1990). This does not require the use of any "`magic words' ... but rather only a finding that the conduct upon which the order is based was equivalent to willfulness or deliberate disregard." Id.
Unfortunately, for all of the detail of the above order, it finds that the conduct only "appears to be" a calculated attempt to block discovery. That is insufficient to constitute an explicit finding of willfulness or deliberate disregard. We therefore reverse. On remand, the trial court may reconsider its ruling and determine whether the facts which it found amount to a finding of willful noncompliance or deliberate disregard. Our decision does not preclude the trial court entering the same relief as in the instant order.
FARMER, J., and ROBY, WILLIAM L., Associate Judge, concur.
WARNER, J., dissents with opinion.
WARNER, J., dissenting.
In my opinion, the order was sufficiently specific to leave no doubt that the court found appellant deliberately and dishonestly *1055 avoided the trial court's orders and the requested discovery. I would affirm.