824 So.2d 256 (2002)
Phillip ADLINGTON, Appellant,
v.
FLORIDA PAROLE COMMISSION, Appellee.
No. 4D01-5073.
District Court of Appeal of Florida, Fourth District.
August 7, 2002.
*257 Phillip Adlington, Raiford, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Charles M. Fahlbusch, Assistant Attorney General, Fort Lauderdale, for appellee.
PER CURIAM.
This is an appeal from a dismissal of a complaint. We reverse and remand for further proceedings.
Adlington, the Petitioner, is proceeding pro se in this action against the chairman of the Florida Parole Commission for failing to review his parole status. He has filed a multitude of motions and other papers in this action mostly while in custody. The trial court accommodated the Petitioner's unique situation by allowing him to appear at hearings by telephone. From the record, the Petitioner dutifully changed his address with each change of facility, at least until the last case management conference.
When the Petitioner did not appear at the last case management conference, the trial court issued an order to show cause why the case should not be dismissed for lack of prosecution. Again there was no timely response from the Petitioner. Eventually the trial court received the Petitioner's Second Response to Order to Show Cause, Motion to Accept as Timely Filed and Motion to Set Case Management Hearing by Telephone. The Petitioner contended that he tried to cancel the conference while he was out on parole, then he was arrested and placed in a detention facility where he did not receive the show cause order immediately. The trial court refused to accept his response, and issued an order dismissing the action without prejudice. Both parties agree, however, that the dismissal acts as a bar to litigation due to the applicable statute of limitations.
Dismissing a complaint as a sanction for failing to appear is within the trial court's discretion. See Hobe Sound Rest. Corp. v. Slater, 755 So.2d 649 (Fla. 4th DCA 1998). However, a dismissal is too severe a sanction for failure to attend a pre-trial conference "absent a record showing of willful or intentional disregard of a court order." Garland v. Dixie Ins. Co., 495 So.2d 785 (Fla. 4th DCA 1986). This Court since has ruled that an explicit finding of willful noncompliance or deliberate disregard is required. See Carpenter v. McCarty, 810 So.2d 1053 (Fla. 4th DCA 2002) (citing Commonwealth Fed. Sav. and Loan Ass'n v. Tubero, 569 So.2d 1271, 1273 (Fla.1990)); see also Lenfestey v. U.S. Balloon Corp., 699 So.2d 850 (Fla. 4th DCA 1997).
The trial court did not make an explicit finding of willful noncompliance or deliberate disregard in its order. Therefore, we reverse and remand for further proceedings. This decision, however, does not preclude the trial court from entering the same relief as in the instant order.
REVERSED AND REMANDED.
GUNTHER, KLEIN, JJ., and HAWLEY, ROBERT A., Associate Judge, concur.