PER CURIAM.
Appellant, Susan Burke, challenges the dismissal of her fourth amended complaint filed against Dr. Arthur Snyder for injuries she allegedly sustained during a medical examination. The trial court entered the order of dismissal because Burke failed to attend a case management hearing. Because the trial court did not make explicit findings in the order of dismissal of willful noncompliance or deliberate disregard of the order to attend the case management hearing, we must reverse and remand for further proceedings. The cases uniformly hold that an order imposing the severe sanction of dismissal of an action for failure to attend a pre-trial conference must contain explicit findings, supported by the record, that the party failing to attend the hearing did so in willful, intentional or deliberate disregard of the order setting the hearing. See Adlington v. Fla. Parole Comm’n, 824 So.2d 256 (Fla. 4th DCA 2002), and cases cited therein. Here, the order only stated that the ease was dismissed because Burke did not appear at the hearing despite all parties having been noticed.
Accordingly, we reverse and remand for further proceedings. We have not reached the merits of the dismissal.

Reversed and remanded.

STEVENSON, TAYLOR and HAZOURI, JJ., concur.