ON MOTION FOR REHEARING

PER CURIAM.
We grant appellees’ motion for rehearing, withdraw our opinion of April 6, 2011, and substitute the following.
The circuit court dismissed appellant’s complaint without prejudice after she failed to file an amended complaint. On July 1, 2009, appellant’s attorney withdrew and the court gave her 20 days to retain new counsel and file an amended complaint. On August 17, 2009, appellees moved to dismiss with prejudice. The court entered a final order of dismissal with prejudice on September 11, 2009. Six days later, appellant filed a pro se motion to set aside the final order of dismissal; she said that she had not received notice of the hearing on the motion and had not been able to acquire new counsel. The court denied the motion.
“Dismissal of the [amended] complaint was too severe a sanction in this matter because the record does not show “willful or intentional disregard of the trial court’s order.” Garland v. Dixie Ins. Co., 495 So.2d 785, 785 (Fla. 4th DCA 1986). The trial court’s order “did not make an explicit finding of willful noncompliance or deliberate disregard in its order.” Adlington v. Fla. Parole Comm’n, 824 So.2d 256, 257 (Fla. 4th DCA 2002); see also State of Fla. Dep’t of Envt’l Reg. v. Chemairspray, Inc., 520 So.2d 96 (Fla. 4th DCA 1988).
The reversal in this case is without prejudice to the entry of a lesser sanction against plaintiff. See Garland, 495 So.2d at 785.

Reversed.

GROSS, C.J., STEVENSON and GERBER, JJ., concur.