PER CURIAM.
 

 Plaintiff Wendy I. Young appeals the trial court’s dismissal with prejudice of her complaint against USAA Casualty Insurance Company (USAA) as a sanction for Young’s failure to comply with various discovery orders.
 

 “An order dismissing a complaint as a sanction must ‘contain an explicit finding of willful noncompliance.’ ”
 
 Carpenter v. McCarty,
 
 810 So.2d 1053, 1054 (Fla. 4th DCA 2002) (quoting
 
 Commonwealth Fed. Sav. & Loan Ass’n v. Tubero,
 
 569 So.2d 1271, 1273 (Fla.1990));
 
 see also Adlington v. Florida Parole Com’n,
 
 824 So.2d 256, 257 (Fla. 4th DCA 2002) (citing
 
 Lenfestey v. U.S. Balloon Corp.,
 
 699 So.2d 850 (Fla. 4th DCA 1997)). The order granting dismissal with prejudice must include an explicit finding of willfulness, even when the lower court cites, with specificity, substan
 
 *1148
 
 tial facts that would support a finding of willfulness.
 
 Carpenter,
 
 810 So.2d at 1054.
 

 Here, although the trial court’s order contains details surrounding Young’s failure to comply with the court’s orders and attend depositions, the order does not include an explicit finding of willful noncompliance. Therefore, we reverse and remand for further proceedings. Our decision does not preclude the trial court from entering the same relief as in the instant order.
 

 Reversed and Remanded.
 

 POLEN, TAYLOR and HAZOURI, JJ., concur.