DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NEIL LONDON,**
Appellant,

v.

**JOHN TEMERIAN,**
Appellee.

No. 4D18-1092

[November 7, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Edward A. Garrison, Judge; L.T. Case No. 50-2011-CA-020980-XXXX-MB.

Troy William Klein of Law Office of Troy W. Klein, P.A., West Palm Beach, for appellant.

Shai Ozery of Posada, Taddeo, Dietiker, P.A., Coral Springs, for appellee.

PER CURIAM.

Neil London appeals an order involuntarily dismissing his complaint and an order denying his verified motion to set aside the dismissal. We reverse.

The dismissal was entered as a result of London's counsel's failure to comply with the pre-trial order and failure to appear at calendar call. Thereafter, counsel moved to set aside the dismissal, explaining that he was unaware of the pre-trial order because of the death of his staff person. After a hearing, the motion was denied.

Although "[d]ismissing a complaint as a sanction for failing to appear is within the trial court's discretion. . . . a dismissal is too severe a sanction for failure to attend a pre-trial conference 'absent a record showing of willful or intentional disregard of a court order.'" *Adlington v. Fla. Parole Com'n*, 824 So. 2d 256, 257 (Fla. 4th DCA 2002) (quoting *Garland v. Dixie Ins. Co.*, 495 So. 2d 785, 785 (Fla. 4th DCA 1986)). Accordingly, this court has long held that the trial court must expressly

find willful noncompliance with or deliberate disregard of a court order before dismissing an action for noncompliance, and must include such a finding in the order of dismissal:

> "An order dismissing a complaint as a sanction must 'contain an explicit finding of willful noncompliance.'" *Carpenter v. McCarty*, 810 So. 2d 1053, 1054 (Fla. 4th DCA 2002) (quoting *Commonwealth Fed. Sav. & Loan Ass'n v. Tubero*, 569 So. 2d 1271, 1273 (Fla.1990)); *see also Adlington v. Florida Parole Com'n*, 824 So. 2d 256, 257 (Fla. 4th DCA 2002) (citing *Lenfestey v. U.S. Balloon Corp.*, 699 So. 2d 850 (Fla. 4th DCA 1997)). The order granting dismissal with prejudice must include an explicit finding of willfulness, even when the lower court cites, with specificity, substantial facts that would support a finding of willfulness. *Carpenter*, 810 So. 2d at 1054.

*Young v. USAA Cas. Ins. Co.*, 80 So. 3d 1147, 1147-48 (Fla. 4th DCA 2012).

Because the orders on appeal do not contain a finding that appellant or his counsel willfully failed to comply with the court order, we reverse and remand for the trial court to conduct further proceedings.

DAMOORGIAN, KLINGENSMITH, JJ., and KANNER, DANIEL J., Associate Judge, concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***