PER CURIAM.
Appellant, First Fairway Condominium I Association, appeals the trial court’s order dismissing its' complaint as a sanction for its counsel’s failure to attend a court-ordered status conference. We reverse for want of an express finding of willful and contumacious behavior that is supported by the record.
In March 1994, First Fairway sued Appel-lee, Gulfstream Roofing, Inc. The only discovery occurring between the parties was a scheduled deposition and a set of interrogatories answered by First Fairway in September 1995. Eleven months later, in August 1996, the trial court ordered the parties to attend a status conference pursuant to Florida Rule of Civil Procedure 1.200 and Florida Rule of Judicial Administration 2.085 in order “to give [the] parties an opportunity to show good cause why this action should not be dismissed.” A couple of days after the scheduled status conference, the trial court dismissed First Fairway’s complaint with prejudice, finding that First Fairway’s counsel did not appear at the court-ordered status conference. The dismissal order did not contain a finding of willful and contumacious behavior.
Florida Rule of Civil Procedure 1.200(c) allows a trial court to dismiss a complaint as a sanction if the plaintiff fails to appear at a court-ordered status conference. However, where a trial court seeks to dismiss a lawsuit pursuit to rule 1.200(c) — dismissal being the harshest of all sanctions — the trial court must find that the party’s conduct was “willful and contumacious.” See, e.g., Lenfestey v. United States Balloon Corp., 699 So.2d 850 (Fla. 4th DCA 1997); Zeigler v. Huston, 626 So.2d 1046, 1047-48 (Fla. 4th DCA 1993); Kelley v. Schmidt, 613 So.2d 918, 919-20 (Fla. 5th DCA 1993); see also Commonwealth Fed. Sav. & Loan Ass’n v. Tubero, 569 So.2d 1271 (Fla.1990). Here, the trial court’s order failed to include an express finding of willful and contumacious behavior. By imposing the harsh sanction of dismissal without an express finding of willful and contumacious behavior that is supported by the record, the trial court abused its discretion. See Lenfestey, 699 So.2d at 850; Zeigler, 626 So.2d at 1047-48; Kelley, 613 So.2d at 919-20; World on Wheels of Miami, Inc. v. International Auto Motors, Inc., 569 So.2d 836 (Fla. 3d DCA 1990).
Accordingly, we reverse the trial court’s order of dismissal and remand for further proceedings.
REVERSED AND REMANDED.
GLICKSTEIN, GUNTHER and POLEN, JJ., concur.