CIKLIN, J.
 

 Appellants, the plaintiffs below, appeal the trial court’s final judgment dismissing their action with prejudice for failing to comply with a court order compelling attendance at a deposition. Because the trial court did not determine whether the plaintiffs or their attorney was responsible for the non-appearance and because the dismissal was not based on competent substantial evidence, we reverse and remand for further proceedings.
 

 This case arose from a dispute regarding the ownership of two parcels of land located in St. Lucie County. Jennifer Son-son and other plaintiffs filed suit against Mildred Jeanne Hearn, as trustee to quiet title. Sonson relied on one chain of title in the complaint, while Hearn provided a different chain of title in the answer. Hearn’s answer also asserted six affirmative defenses.
 

 
 *747
 
 On numerous occasions over the course of many months, Hearn’s attorney attempted in vain to schedule depositions of Jennifer Sonson, individually and Stephen Sonson as representative of both plaintiff corporations. This recalcitrance culminated in an April 17, 2008 court order directing both individuals to appear for a deposition on April 24, 2008. When neither appeared, Hearn — through her attorney— moved to dismiss the cause of action with prejudice under Florida Rule of Civil Procedure 1.380.
 

 At the hearing on the motion to dismiss, Hearn’s attorney recapped his efforts to schedule the Sonsons’ depositions and introduced into evidence certificates of nonappearance indicating that the Sonsons failed to appear for their court-ordered deposition on April 24, 2008 as well as various letters sent by Hearn’s attorney to the Sonsons’ attorney. Hearn’s attorney reminded the trial court that, at a previous hearing, the Sonsons’ attorney stated he had not been in touch with Jennifer Son-son and did not know where she was and further that Stephen Sonson indicated he was not coming to the deposition.
 

 The Sonsons did not appear at the hearing on the motion to dismiss. Instead, their attorney argued that dismissal would not be appropriate because Hearn had not demonstrated any prejudice. Additionally, the Sonsons’ attorney argued that the case was a quiet title action which would be based on documentary evidence and “we don’t think there’s a lot to do about any sort of testimony.”
 

 Despite the trial court’s repeated insistence of some type of evidence to support either side’s position at the hearing on the motion to dismiss, both lawyers offered nothing but a couple of certificates of nonappearance, copies of lawyer letters and other unsworn “statements of fact” to advance their respective arguments.
 
 [1]
 

 Following the hearing, the trial court entered final judgment dismissing the action with prejudice, holding:
 

 [The Sonsons’] failure to appear ... at the scheduled depositions, which were court-ordered, evidence a willful and contumacious disregard of the Court’s authority, that such actions were deliberate and intentional and were done in bad faith and were done in willful disregard of and gross indifference to the Court’s authority....
 

 The Court further finds that such deliberate and contumacious disregard of the Court’s authority warrants the severest of sanctions, which include but are not limited to dismissal of the [Sonsons’] action with prejudice.
 

 On appeal, the Sonsons argue that the trial court abused its discretion in dismissing their action without finding that their failure to comply with the lower court’s order prejudiced Hearn.
 

 We do not agree with the Sonsons’ argument that a trial court is always required to find prejudice before dismissing an action for all types of discovery misconduct. Although this court has stated “[t]he emphasis should be on the prejudice suffered,”
 
 Fisher v. Prof'l Adver. Dirs. Co.,
 
 
 *748
 
 955 So.2d 78, 80 (Fla. 4th DCA 2007), recognition and enforcement of the court’s authority to enter orders pertaining to discovery remains vital and equally important.
 

 Nonetheless, the trial court’s dismissal appears premature. A dismissal under rule 1.380 is “the most severe of all sanctions which should be employed only in extreme circumstances.”
 
 Mercer v. Raine,
 
 443 So.2d 944, 946 (Fla.1983). Upon Hearn’s evidence that the Sonsons failed to appear at the court-ordered depositions, the trial court should have shifted the evidentiary burden to the Sonsons to address the alleged dereliction.
 
 [2]
 

 If a deliberate failure to comply with the trial court’s order is attributable to the Sonsons, dismissal might be a proper sanction.
 
 See Mercer,
 
 443 So.2d at 946 (“A deliberate and contumacious disregard of the court’s authority will justify application of the severest of sanctions, as will bad faith, willful disregard or gross indifference to an order of the court, or conduct which evinces deliberate callousness.”) (citations omitted);
 
 Ham v. Dunmire,
 
 891 So.2d 492, 495 (Fla.2004) (“It is well settled that determining sanctions
 
 for
 
 discovery violations is committed to the discretion of the trial court, and will not be disturbed upon appeal absent an abuse of the sound exercise of that discretion.”).
 

 However, where the attorney, and not the client, is responsible for the non-compliance, a different set of factors must be applied: 1) whether the attorney’s disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience; 2) whether the attorney has been previously sanctioned; 3) whether the client was personally involved in the act of disobedience; 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion; 5) whether the attorney offered reasonable justification for noncompliance; and 6) whether the delay created significant problems of judicial administration.
 
 Kozel v. Ostendorf,
 
 629 So.2d 817, 818 (Fla.1993). “[I]f a sanction less severe than dismissal with prejudice appears to be a viable alternative, the trial court should employ such an alternative.”
 
 Id.
 

 Our purpose in rendering this opinion is not to further burden an already overburdened trial bench. On the contrary, our decision is meant to affirm the authority of trial judges to deliver the paramount sanction of dismissal when warranted.
 

 Reversed and remanded.
 

 POLEN and HAZOURI, JJ., concur.
 

 [1]
 

 . In
 
 Leon Shaffer Golnick Advertising, Inc. v. Cedar,
 
 423 So.2d 1015, 1017 (Fla. 4th DCA 1982), this court made its position clear:
 

 [T]he practice we wish to see terminated is that of attorneys making unsworn statements of fact at hearings which trial courts may consider as establishing facts. It is essential that attorneys conduct themselves as officers of the court; but their unsworn statements do not establish facts in the absence of stipulation. Trial judges cannot rely upon these unsworn statements as the basis for making factual determinations; and this court cannot so consider them on review of the record.
 

 [2]
 

 . At the hearing on the motion to dismiss, the Sonsons' attorney argued that the court-ordered depositions were not necessary. Given that approach, we question whether the Son-sons’
 
 non-compliance was
 
 their decision
 
 or
 
 their attorney’s.