PER CURIAM.
Appellants, Erin Dedmon and Madeline Kelly, appeal from an order of dismissal of their complaint for failure to appear at a case management conference pursuant to Florida Rule of Civil Procedure 1.200(c) and for failure to prosecute pursuant to Florida Rule of Civil Procedure 1.420(e). The trial court erred in both respects.
After a clerk’s default was entered in favor of appellants, the trial court referred appellants’ motion for default final judgment and appellee, Kevin Lee Kelly’s, motion to set aside default to the magistrate. The magistrate recommended that the motion to set aside the default be denied and the trial court approved the magistrate’s report in an order filed on September 3, 2008. On July 1, 2009, appellants’ new counsel filed their Motion for Approval of Stipulation for Substitution of Counsel and sent copies to appellee’s counsel and to appellants’ former counsel at an address different from the one used by former counsel in his earlier pleadings.
On July 13, 2009, the trial court entered an Order Setting Case Management Conference for July 30, 2009, which stated that there had been no record activity since September 3, 2008. The order also notified the parties that a failure to appear may result in dismissal or other sanctions. The order was sent to appellants' former counsel at the address used in his pleadings, not the address given in appellants’ new counsel’s motion.
Before the date of the case management conference, appellants’ counsel twice set the motion for approval of the stipulation of counsel for a hearing at 8:45 A.M., but their motion was not heard at either hearing due to lack of time. On July 30, 2009, appellants’ counsel failed to appear at the case management conference. The trial court entered its Order of Dismissal on that date, stating that appellants failed to comply with its order of July 13, 2009 by failing to appear and there was no record activity since September 2, 2008.[1] Upon motion of appellee’s counsel, the matter was dismissed without prejudice for appellants to refile.
Florida Rule of Civil Procedure 1.200(a) provides that the trial court may order a case management conference and shall specify in the order the matter to be considered. Rule 1.200(c) states in pertinent part:
(c) Notice. Reasonable notice shall be given for a case management conference .... On failure of a party to attend *587 a conference, the court may dismiss the action, strike the pleadings, limit proof or witnesses, or take any other appropriate action....
In applying this rule, this court held in First Fairway Condominium I Ass’n, Inc. v. Gulfstream Roofing, Inc., 701 So.2d 652 (Fla. 4th DCA 1997):
Florida Rule of Civil Procedure 1.200(c) allows a trial court to dismiss a complaint as a sanction if the plaintiff fails to appear at a court-ordered status conference. However, where a trial court seeks to dismiss a lawsuit [pursuant] to rule 1.200(c) — dismissal being the harshest of all sanctions — the trial court must find that the party’s conduct was “willful and contumacious.” Here, the trial court’s order failed to include an express finding of willful and contumacious behavior. By imposing the harsh sanction of dismissal without an express finding of willful and contumacious behavior that is supported by the record, the trial court abused its discretion.
Id. at 653 (internal citations omitted); see also Camerota v. Kaufman, 666 So.2d 1042 (Fla. 4th DCA 1996) (if the court exercises its authority under Rule 1.200(c) for failure to appear at status conference ordered by court, a finding that party’s conduct was willful and contumacious is necessary); Zeigler v. Huston, 626 So.2d 1046 (Fla. 4th DCA 1993) (same).
The trial court did not include an express finding of willful and contumacious behavior in its order. Further, such a finding is not supported by the record. The trial court abused its discretion by dismissing appellants’ case on this ground.
The trial court also dismissed appellants’ case on July 30, 2009, because there was no record activity sinee September 3, 2008. Florida Rule of Civil Procedure 1.420(e) provides:
(e) Failure to Prosecute. In all actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 10 months, and no order staying the action has been issued nor stipulation for stay approved by the court, any interested person, whether a party to the action or not, the court, or the clerk of the court may serve notice to all parties that no such activity has occurred. If no such record activity has occurred within the 10 months immediately preceding the service of such notice, and no record activity occurs within the 60 days immediately following the service of such notice, and if no stay was issued or approved prior to the expiration of such 60-day period, the action shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending. Mere inaction for a period less than 1 year shall not be sufficient cause for dismissal for failure to prosecute.
The period of time between September 3, 2008, and the date the trial court dismissed the action, July 30, 2009, is under eleven months. Without considering the lack of notice to appellants, appellants’ alleged inaction for less than one year was not sufficient cause for the dismissal of their action.
We reverse the order of dismissal and remand for further proceedings.

Reversed and Remanded.

GROSS, C.J., HAZOURI and CIKLIN, JJ., concur.

. According to the record, the last record activity was the trial court’s approval of the magistrate’s report on September 3, 2008. In the Order of Dismissal, the trial court mistakenly wrote September 2, 2008.