POLEN, J.
Appellant, Marilyn Kaufman, as attorney in fact for her mother, Jeanne Yelnick, appeals the trial court’s order dismissing her case with prejudice for failure to appear at a case management conference. We hold that Kaufman’s failure to attend the conference must have been willful to warrant dismissal. As such, we reverse and remand to give the trial court the opportunity to support its order dismissing the underlying case with evidence of willful and contumacious failure to attend the court-mandated case management conference, or in the alternative, to allow the matter to proceed.
Kaufman, under a power of attorney, filed a complaint against FS Tenant Pool III Trust, doing business as Forum at Deer Creek, for several violations of the nursing home’s duty of care which it owed to its residents. Specifically, Kaufman alleged violations of sections 400.022(1), (2)(n), and (2)(o), Florida Statutes. Forum at Deer Creek filed an answer and affirmative defenses, denying the substantive allegations of Kaufman’s complaint. The trial court entered a sua sponte order referring the case to arbitration. The order was entered on January 7, 2008. Nothing else exists in the record until August 6, 2008, when Kaufman filed a motion for leave to amend the complaint to add Five Star Quality Care, Inc., a party with an ownership interest in Forum of Deer Creek. The record does not reflect that there was a ruling on the motion. Instead, on November 20, 2008, plaintiffs counsel moved to withdraw from the case due to irreconcilable differences between counsel *1229 and client, and the trial court granted the motion.
The trial court ordered a mandatory case management conference to be held on November 12, 2010. The order indicated that copies were sent by mail to Kaufman and counsel for the defense. After Kaufman failed to attend the case management conference, the trial court dismissed the case with prejudice for failure to appear. This appeal timely followed.
Kaufman argues that the trial court erred in dismissing her case with prejudice because it did not make the necessary findings to dismiss for failure to attend a case management conference. Kaufman contends that the trial court must have found willful noncompliance in order to dismiss the case. Forum at Deer Creek concedes that the trial court erred by failing to make the appropriate finding of willful noncompliance. Forum at Deer Creek suggests that the trial court have the opportunity to clarify its order and/or be granted time to review the record and evidence for conduct which rises to the level of willfulness or deliberate disregard/ noncompliance.
Florida Rule of Civil Procedure 1.200(c) provides that, upon “failure of a party to attend a” case management conference, the trial court may dismiss the action. Fla. R. Civ. P. 1.200(c). However, as this court held, the trial court must also find that the party willfully and contumaciously failed to attend the conference. Dedmon v. Kelly, 60 So.3d 585, 587 (Fla. 4th DCA 2011) (quoting First Fairway Condo. I Ass’n v. Gulf stream Roofing, Inc., 701 So.2d 652, 653 (Fla. 4th DCA 1997)); see also Zeigler v. Huston, 626 So.2d 1046, 1047 (Fla. 4th DCA 1993) (“A finding that the party’s conduct was willful and contumacious is necessary for entering a default under rule 1.200(c).”). Failure to include a finding of such willful and contumacious behavior in its order dismissing the case with prejudice is an abuse of discretion by the trial court. Dedmon, 60 So.3d at 587.
Forum at Deer Creek cites to Sonson v. Hearn, 17 So.3d 745 (Fla. 4th DCA 2009), to explain that this court should remand for further proceedings so the trial court can determine whether the inaction by Kaufman was willful and warranted dismissal. In Sonson, this court held that dismissal may be a proper sanction if failure to comply with a trial court order is deliberate. Sonson, 17 So.3d at 748. Therefore, this court should reverse and remand to the trial court “to affirm the authority of [the] trial judge[] to deliver the paramount sanction of dismissal when warranted.” Id.
Accordingly, we reverse and remand to the trial court for further proceedings consistent with this opinion.

Reversed and Remanded.

HAZOURI and LEVINE, JJ., concur.