GROSS, J.
We reverse a $736,100.59 default final judgment that was entered when the defendants failed to attend a case management conference after their attorney had withdrawn; the record does not demonstrate the willful and contumacious conduct that justifies the imposition of such a severe sanction.
In June 2008, La Sala Group, Inc. filed a complaint against Giemme USA, LLC, and Francesco Molon, LLC. The plaintiff corporation’s complaint was signed by Jaime La Sala, acting pro se. The next month, the defendants moved to dismiss.
The plaintiff dilly-dallied for two years in prosecuting the suit, enduring stricken pleadings and a dismissal before the granting of its motion for reconsideration led to the filing of a second amended complaint by its attorney in June, 2010. The defendants promptly answered and, in August, 2010, the plaintiff noticed the case for trial.
In November, 2010 the defendants began to experience their own litigation problems. Their lawyer moved to withdraw and the order allowing it gave the defendants 30 days to secure new counsel. While the defendants were unrepresented, the plaintiff moved for a default. On January 19, 2011, the trial court set the case for a case management hearing on February 7, 2011. The defendants did not attend the hearing. At the hearing, on a form order, the trial court checked the box entering a default against the defendants for failing to appear and handwrote the notation that the defendants’ “pleadings are also stricken.” The plaintiff later moved for a default summary final judgment and on April 28, 2011, the trial court *922 entered a final judgment against both defendants for $736,100.59.
The defendants moved to set aside the default judgment on various grounds, including a lack of notice and the failure of the case management order to contain the type of findings that would support the striking of pleadings and entry of a default. The trial court denied the motion.
This record demonstrates neither the extreme misconduct by the defendants nor the express findings of a trial court required to support the severe relief granted as a result of the defendants’ nonattendance at the case management conference. If a party fails to attend a noticed case management conference, “the court may dismiss the action, strike the pleadings, limit proof or witnesses, or take any other appropriate action.” Fla. R. Civ. P. 1.200(c). “A finding that the party’s conduct was willful and contumacious is, necessary for entering a default under rule 1.200(c).” Zeigler v. Huston, 626 So.2d 1046, 1047 (Fla. 4th DCA 1993) (citations omitted). The trial court must make the finding in the subject order; failure to do so constitutes reversible error. See Townsend v. Feinberg, 659 So.2d 1218, 1219 (Fla. 4th DCA 1995). “[N]o ‘magic words’ are required but rather only a finding that the conduct upon which the order is based was equivalent to willfulness or deliberate disregard.” Commonwealth Fed. Sav. & Loan Ass’n v. Tubero, 569 So.2d 1271, 1273 (Fla.1990). The trial court’s finding must be supported by the record. See Bank One, N.A. v. Harrod, 873 So.2d 519, 521 (Fla. 4th DCA 2004).
Here, the trial court’s order entered at the case management hearing failed to make those findings required to justify the striking of pleadings and the entry of a default. We therefore reverse and remand to the trial court with instructions to vacate the final judgment and default. On remand, the trial court may consider the imposition of other, lesser sanctions for the failure to attend the case management hearing.
POLEN, J., and BLOOM, BETH, Associate Judge, concur.