DAMOORGIAN, J.
Appellant, Petersen & Hawthorne, P.A., appeals the trial court’s order dismissing, without prejudice, its suit against EMI Enterprises, Inc., Ed’s Auto Repair, Inc., and Ed and Mary Thibeault after Appellant failed to attend a case management conference. We reverse.
After Appellant failed to attend a case management conference, the trial court issued an order which stated in its entirety as follows:
Neither plaintiff nor defendant appeared at duly set status conference. Whereas this court hereby dismisses without prejudice the above styled case for lack of prosecution.
Florida Rule of Civil Procedure 1.420(e) allows the court to dismiss a suit for lack of prosecution. However, Rule 1.420(e) outlines certain pre-requisites to dismissal such as no record activity for ten months followed by a notice to the parties and a sixty-day opportunity to take action. These pre-requisites were not present here; thus, the trial court did not have the authority to dismiss the suit for “lack of prosecution” as stated in its order.
The court could have, however, dismissed the suit under Florida Rule of Civil Procedure 1.200(c), which provides that the court may “dismiss the action” if a party fails to attend a case management or pretrial conference. This rule is limited though, and a court should only dismiss a suit for failure to attend a case management or pretrial conference where the party’s conduct is “willful and contumacious.” First Fairway Cando. I Ass’n, Inc. v. Gulfstream Roofing, Inc., 701 So.2d 652, 653 (Fla. 4th DCA 1997). Further, the court must set forth findings supporting its ruling in the subject order, and “failure to do so constitutes reversible error.” Giemme USA, LLC v. La Sala Group, Inc., 92 So.3d 920, 922 (Fla. 4th DCA *1065 2012). See also First Fairway Condo. I Ass’n, Inc., 701 So.2d at 653 (“By imposing the harsh sanction of dismissal without an express finding of willful and contumacious behavior that is supported by the record, the trial court abused its discretion.”); Fugnole v. Crumbly Bros., Inc., 899 So.2d 1262, 1263 (Fla. 2d DCA 2005) (reversing order dismissing suit based on party’s failure to attend case management conference where order did not set forth findings that party flagrantly ignored court’s direction and abused the system).
Assuming that the court was operating under Rule 1.200(c), we hold that dismissal was not justified. The court’s order merely stated that Appellant failed to attend the- conference and did not set forth any findings establishing that Appellant engaged in “willful and contumacious” behavior. This was not enough. Therefore, we reverse and remand for further proceedings.

Reversed.

WARNER and CONNER, JJ., concur.