PER CURIAM.
Appellant, Ethel Schneider, appeals the trial court’s entry of a default and default final judgment against her after she failed to attend a case management conference. Schneider argues that the court erred in entering the default without including the requisite findings that her conduct, upon which the default was based, was willful. We agree, and reverse.
Schneider was one of several defendants in a suit brought by appellee, Peter Spaeth. After approximately two years of litigation between the parties, Schneider failed to appear at a mandatory case management conference. As a result of her non-appearance, the trial court issued an order, wherein the court stated it had “specifically advised [her] that a failure to attend the Status Conference would amount to an abandonment of the defense in this matter and shall give rise to the entry of a Default Judgment.” In that order, the court also found notice of the conference was served on Schneider at her correct address, and noted that she failed to attend as required. Consequently, the trial court found that Schneider had abandoned her defenses in the case, and ordered a default judgment against her. Her subsequent motion to set aside default and default final judgment was denied following a hearing. This appeal followed.
Where a party fails to attend a properly noticed case management conference, “the court may dismiss the action, strike the pleadings, limit proof or witnesses, or take any other appropriate action.” Fla. R. Civ. P. 1.200(c). We have consistently held, however, that “[a] finding that the party’s conduct was willful and contumacious is necessary for entering a default under rule 1.200(c).” Giemme USA, LLC v. La Sala Group, Inc., 92 So.3d 920, 922 (Fla. 4th DCA 2012) (quoting Zeigler v. Huston, 626 So.2d 1046, 1047 (Fla. 4th DCA 1993)); see also Townsend v. Feinberg, 659 So.2d 1218, 1219 (Fla. 4th DCA 1995) (“Prior to exercising its discretion to grant dismissal based on failure to comply with a court order, the court must make a finding that the failure to comply was willful or contumacious.”).
The requisite written finding of willfulness is, in part, to provide assurance that “the trial judge has made a conscious determination that the noncompliance was more than mere neglect or inadvertence.” Commonwealth Fed. Sav. & Loan Ass’n v. Tubero, 569 So.2d 1271, 1273 (Fla.1990). “[N]o ‘magic words’ are required but rath *1169 er only a finding that the conduct upon which the order is based was equivalent to willfulness or deliberate disregard.” Id. Moreover, the trial court must include written findings supporting its ruling in the subject order, and “failure to do so constitutes reversible error.” Petersen & Hawthorne, P.A. v. EMI Enters., Inc., 115 So.3d 1064, 1064 (Fla. 4th DCA 2013) (citation omitted); see also Kaufman ex rel. Yelnick v. FS Tenant Pool III Trust, 87 So.3d 1228, 1229 (Fla. 4th DCA 2012) (reversing a dismissal because the order failed to contain a finding that the failure to appear was willful and contumacious); Giemme, 92 So.3d at 922 (reversing default and final judgment based on trial court’s order, entered after defendants failed to appear at case management conference, because that order failed to make the requisite finding that defendants’ conduct was willful and contumacious).
Here, the trial court’s order merely stated that Schneider had been properly noticed, and that the court had previously advised her that non-appearance at the case management conference would amount to an abandonment of her defense and give rise to a default. This was not sufficient. The court failed to include any findings that she engaged in willful and contumacious behavior to justify the default’s entry. Therefore, we reverse and remand to give the trial court the opportunity, after reviewing the record, to make a determination on whether her failure to appear at the court-mandated case management conference was willful, or in the alternative, to allow the matter to proceed.

Reversed and Remanded.

STEVENSON, CIKLIN and KLINGENSMITH, JJ, concur.