DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RENEL MARCELUS** and **ODETTE MARCELUS,**
Appellants,

v.

**AQUA FINANCE, INC.,**
Appellee.

No. 4D21-3198

[April 20, 2022]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Corey Cawthon, Judge; L.T. Case No. 18-5413 COSO.

Kertch J. Conze and James Bishop of Law Offices of Kertch Conze, P.A., Miramar, for appellants.

No brief filed on behalf of appellee.

PER CURIAM.

The defendants appeal a default judgment. They argue the trial court erred in denying their motion to set aside a default and default judgment, which had been entered when defense counsel failed to appear at a single case management conference. We agree and reverse.

The plaintiff filed a complaint and had a summons issued in 2018. The defendants answered and asserted affirmative defenses. The case was originally assigned to a judge at the Broward County South Courthouse in Hollywood. Interrogatories were served, and the case was noticed for trial. The case was actively litigated. In 2019, the parties attended mediation and a mediation report was filed. It appears the case stalled somewhat in 2020, no doubt due to the pandemic.

On June 22, 2021, a different county court judge issued an Order Setting Case Management Conference to be held in person at the Central Courthouse, in Fort Lauderdale. Neither the defendants nor their counsel appeared at the case management conference. On the same day, the judge entered an order for default judgment against the defendants for failure to appear and instructed the plaintiff to submit a judgment within five days.

The order contained no finding that the defendants' or their counsel's failure to appear was willful and contumacious. A week later, the court issued a Default Final Judgment, citing to the prior default order. Again, the order contained no factual findings, and specifically no finding that the defendants or their counsel's conduct was willful and contumacious.

The defendants immediately moved to set aside the default on the same day the default judgment was entered. The motion set forth the reason the defense counsel initially believed to have caused the missed hearing and moved for the court to set aside the default judgment on the grounds of mistake, inadvertence, or excusable neglect. The motion was set for hearing shortly thereafter. The court denied the motion on the basis that "[d]efendants failed to establish excusable neglect by way of Affidavit." The trial court made no findings regarding mistake or inadvertence.

Immediately following the hearing, the defendants filed a Renewed Motion to Set Aside Default and Final Judgment and an affidavit. The affidavit attested to the actual circumstance that resulted in the defendants' non-appearance at the status conference. Defense counsel's email system had misdirected the email regarding the Order Setting Case Management Conference to the spam folder. The defendants filed their notice of appeal before the motion was ruled upon.

We review default judgments for an abuse of discretion. *See Azure-Moore Invs. LLC v. Hoyen*, 300 So. 3d 1268, 1270 (Fla. 4th DCA 2020).

Florida courts have a "long-standing policy in favor of resolving civil disputes on the merits." *Chaffin v. Jacobson*, 793 So. 2d 102, 104 (Fla. 2d DCA 2001) (citation omitted). Florida Rule of Civil Procedure 1.200(c) provides that a court **may** "dismiss the action" if a party fails to attend a case management or pretrial conference. But dismissal is permitted only if the party's conduct is "willful and contumacious." *First Fairway Condo. I Ass'n v. Gulfstream Roofing, Inc.*, 701 So. 2d 652, 653 (Fla. 4th DCA 1997) (citation omitted). The court must set forth findings supporting its ruling in the subject order; "failure to do so constitutes reversible error." *Giemme USA, LLC v. La Sala Grp., Inc.*, 92 So. 3d 920, 922 (Fla. 4th DCA 2012).

Here, the trial court entered an order for default judgment against the defendants for failure to appear at a Case Management Conference set at a different location and before a different judge. The order stated:

> THIS CAUSE having come to be heard on Court Order Setting Case Management Motion and the Court having heard

2

argument of counsel, and otherwise advised in the Premises, it is hereupon.

ORDERED AND ADJUDGED that said Motion be, and the same is hereby

Default judgement entered as Defendant or counsel did not appear

Final Default Judgment Must be submitted within 5 days to Judge Lee's office,

DONE AND ORDERED in Chambers, at Fort Lauderdale, Broward County, Florida, this 28 day of July, 2021.

But the order failed to contain any factual findings and specifically no finding that the defendants' conduct was willful and contumacious. Similarly, the subsequent default final judgment failed to contain any findings of fact or that the defendants' conduct was willful and contumacious. "By imposing the harsh sanction of dismissal without an express finding of willful and contumacious behavior that is supported by the record, the trial court abused its discretion." *First Fairway*, 701 So. 2d at 653.

We reverse and remand with instructions to vacate the final judgment and default. On remand, the trial court may consider the imposition of other, lesser sanctions for the failure to attend the case management hearing.

*Reversed and remanded.*

GROSS and MAY, JJ., concur.
CIKLIN, J., concurs specially with opinion.

CIKLIN, J., concurring specially.

I concur with the opinion expressed by the majority.

Coincidentally, the three panel members assigned to this appeal are former trial judges all of whom, at one time or another, performed judicial duties in county court or small claims court or traffic court, or a combination of all three.

Between overcrowded courtrooms, unrepresented parties who deserve explanations on the process so they can navigate their way through it, the asymmetrical differences that arise between parties with counsel and those without, questions as to whether one or more parties have received proper service of process, procedural deadlines, mediation management, limited proficiency in the English language, distractions caused by competing types of cases all occurring at the same time within a frenetic court session and the explosion of consumer debt collection cases, county courts are a whirlwind of non-stop activity representing substantive challenges for judges.

And this was all before COVID-19!

Now, with the two-year bottleneck that has impacted the judicial system by this worldwide pandemic, a sense of urgency has expectedly developed and, now more than ever, organizational triage is imperative. Indeed, as evidenced by the case management procedure involved in this case, trial judges around the state have been called upon to move cases.

All of this is to say that our opinion is not meant to discourage trial judges from—as occurred in this case—proactive caseload administration. With the unprecedented backlog that the coronavirus has created, we recognize and applaud Florida's trial judges for their increased diligence as they grapple with this public health emergency and its aftermath.

*        *        *

***Not final until disposition of timely filed motion for rehearing.***