DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WALTER WALLS, LLC,**
Appellant,

v.

**BRIGHT PROPERTY SOLUTIONS, LLC,** et al.,
Appellees.

No. 4D21-2015

[November 23, 2022]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael A. Robinson, Judge; L.T. Case No. CACE 14-013069.

Roman Groysman of the Law Offices of Roman Groysman, P.A., Fort Lauderdale, for appellant.

Robert W. Pittman of Robert W. Pittman, P.A., Miami, for appellee Vadim Nestscheret.

DAMOORGIAN, J.

Walter Walls, LLC ("Plaintiff") appeals the order dismissing its action with prejudice as a sanction for failing to appear for a noticed case management conference. Although the dismissal order stated Plaintiff "did not appear" for the conference and that "[t]his was not the first time" Plaintiff failed to appear for a scheduled hearing, the order did not set forth any specific findings establishing Plaintiff willfully and contumaciously failed to attend the conference. This was error. *See Kaufman ex rel. Yelnick v. FS Tenant Pool III Tr.*, 87 So. 3d 1228, 1229 (Fla. 4th DCA 2012) (reiterating that in order to dismiss an action as a sanction for failure to attend a case management conference, "the trial court must also find that the party willfully and contumaciously failed to attend the conference" and the "[f]ailure to include a finding of such willful and contumacious behavior in its order dismissing the case with prejudice is an abuse of discretion by the trial court"); *see also Petersen & Hawthorne, P.A. v. EMI Enters., Inc.*, 115 So. 3d 1064, 1065 (Fla. 4th DCA 2013) ("The court's order merely stated that Appellant failed to attend the conference and did not

set forth any findings establishing that Appellant engaged in 'willful and contumacious' behavior.  This was not enough.").

Accordingly, "we reverse and remand to give the trial court the opportunity, after reviewing the record, to make a determination on whether [Plaintiff's] failure to appear at the court-mandated case management conference was willful, or in the alternative, to allow the matter to proceed." *Schneider v. Spaeth*, 133 So. 3d 1167, 1169 (Fla. 4th DCA 2014).

*Reversed and remanded.*

WARNER and CONNER, JJ., concur.

*        *        *

***Not final until disposition of timely filed motion for rehearing.***