DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RSBD, LLC,**
Appellant,

v.

**VELOCITY #1 LLC, VELOCITY 3 LLC** and
**VELOCITY SERVICES, INC.,**
Appellees.

No. 4D2022-2957

[February 21, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John B. Bowman, Judge; L.T. Case No. CACE19-012748.

Matthew Carcano and Moises A. Saltiel of the Saltiel Law Group, Coral Gables, for appellant.

Stephen J. Padula and Joshua S. Widlansky of Padula Bennardo Levine, LLP, Boca Raton, for appellees.

WARNER, J.

Appellant RSBD, LLC ("RSBD"), appeals a final judgment for damages based upon a breach of contract and fraudulent lien in connection with construction work that RSBD performed for appellees, Velocity #1, LLC, Velocity 3, LLC, and Velocity Services, Inc. (collectively "Velocity"). Prior to the trial on damages, the court struck all of RSBD's pleadings for its failure to attend a case management conference after the court had allowed RSBD's counsel to withdraw. The court entered the order without a hearing. We reverse, as RSBD was denied due process to challenge the sanction.

In June 2019, RSBD initiated the underlying lawsuit against Velocity for foreclosure, unjust enrichment, and quantum meruit on multiple contracts. The claims arose out of construction work that Velocity had hired RSBD to perform on the various properties, but Velocity terminated the contracts before RSBD had finished the work.

After unsuccessfully moving to dismiss, Velocity filed an answer and affirmative defenses, and counterclaims for breach of contract and for fraudulent lien regarding the different properties. The first counterclaim alleged that RSBD had breached several renovation contracts that RSBD had with Velocity. The second counterclaim alleged that RSBD also had filed liens on the subject properties for amounts RSBD alleged that Velocity contractually owed, and the lien amounts had been exaggerated. RSBD filed an answer and affirmative defenses to Velocity's counterclaims.

In May 2020, RSBD's counsel filed a motion to withdraw as counsel based upon irreconcilable differences. On June 4, 2020, the trial court granted the motion to withdraw and ordered RSBD to retain new counsel within thirty days. The withdrawal order provided that "[n]o hearing or conference shall be scheduled to occur during the next thirty (30) days." The order also provided that "[a]ll further pleadings, motions, notices, correspondence, and other documents shall be served directly on [RSBD], care of Ricardo Sanchez." This order was not served on Sanchez.

The trial court signed an order on June 1, 2020, setting a case management conference ("CMC") for July 7, 2020. The order does not contain any filing date with the clerk's office, and does not appear in the clerk's progress docket for June of 2020. The order had the names and addresses of counsel and of Sanchez handwritten in the margins. On June 5, 2020, Velocity's attorney sent a notice of a virtual case management hearing for July 7, including information to connect to the Zoom call. This notice was served on the RSBD's withdrawn attorney but not on Sanchez.

Apparently, the Zoom CMC occurred on July 7, 2020, but no one representing RSBD was present. On August 11, 2020, Velocity filed a motion for court's default, to strike RSBD's pleadings, and to discharge the underlying liens. The default motion was served on Sanchez. The motion argued that default should be entered against RSBD because RSBD had not attended the CMC and had not secured counsel within thirty days of prior counsel's withdrawal. Three days after the default motion was filed, and without affording RSBD a hearing, the trial court granted the motion and struck RSBD's pleadings as well as discharged the liens which RSBD had placed against Velocity's properties. On that same day, Velocity filed a verified motion for summary judgment after default, seeking summary judgment on its counterclaims. Velocity's motion for summary judgment was served on Ricardo Sanchez on August 14, 2020.

A month later, an attorney filed a notice of appearance for RSBD and moved to vacate the sanction order. RSBD claimed excusable neglect,

2

because it had difficulty obtaining new counsel on the court's timeline due to the COVID-19 pandemic.  The court denied the motion.

The case proceeded to a trial on damages on Velocity's counterclaim, resulting in a judgment against RSBD for $1,484,171.47, plus prejudgment interest.  From this judgment, RSBD takes this appeal.

## Analysis

Striking pleadings is the most extreme of sanctions for failure to comply with court orders, but this sanction may be appropriate "where the offending conduct is flagrant, willful or persistent." *Kamhi v. Waterview Towers Condo. Ass'n*, 793 So. 2d 1033, 1036 (Fla. 4th DCA 2001).  Although this sanction may be imposed for failure to secure counsel, or for failure to attend a noticed case management conference, it "should only be employed in extreme circumstances such as when the party exhibits a deliberate and contumacious disregard for the court's authority." *Global Recreation, Ltd. v. Arco Shows, Inc.*, 585 So. 2d 455, 456 (Fla. 2d DCA 1991); *Giemme USA, LLC v. La Sala Grp., Inc.*, 92 So. 3d 920, 922 (Fla. 4th DCA 2012).  In *Giemme*, on facts very similar to this case, we reversed the entry of a default and striking of the party's pleadings where the party did not appear at a case management hearing after its counsel had withdrawn. 92 So. 3d at 922.  We noted that the record did not disclose any willful and contumacious conduct which was necessary to justify the default.  *Id.*

Where the court is considering imposing the sanction of striking a party's pleadings for disobedience to a court order or failing to appear at a hearing, due process requires that the party be given notice and an opportunity to be heard on the issue.  *See Baleanu v. Sandulescu*, 78 So. 3d 98, 99 (Fla. 4th DCA 2012) ("When a defendant fails to appear for trial, the court has two options: proceed with the trial, requiring the plaintiff to put on its case, or enter a default due to the failure to defend.  The default may not be entered, however, until the defendant is served with notice of the application for default and afforded an opportunity to explain." (citations omitted)).  "A party to be sanctioned . . . must first be given notice and an opportunity to be heard and offer mitigating or extenuating evidence . . . ." *Wildwood Props., Inc. v. Archer of Vero Beach, Inc.*, 621 So. 2d 691, 692 (Fla. 4th DCA 1993).

Here, RSBD had no opportunity to be heard prior to the court issuing its order striking RSBD's pleadings and discharging its liens.  This error requires us to reverse.

While acknowledging the lack of a hearing and thus the lack of due process, Velocity states that the record is undisputed as to RSBD's failure to abide by the order to secure counsel and to attend the case management conference. Although this still would not excuse the lack of notice and opportunity to be heard, we disagree that the record is sufficient to justify the default.

The striking of pleadings and entry of default should only be employed in extreme circumstances and requires that the court find that the conduct was willful and contumacious. *Kamhi*, 793 So. 2d at 1036. So important is this limitation that our supreme court has held that the trial court must make findings of willful noncompliance in order to enter a default. *See Commonwealth Fed. Sav. & Loan Ass'n v. Tubero*, 569 So. 2d 1271, 1272–73 (Fla. 1990). Such findings must be supported by the record. *See Giemme*, 92 So. 3d at 922. The trial court did not make such findings and only recited that it was basing its order on "having read the moving papers," and "having heard argument of counsel."

The motion to strike the pleadings alleged only that RSBD was ordered to obtain new counsel and did not do so within the thirty-day deadline. Thus, the only ground was noncompliance with the court order. "Mere negligence does not suffice to justify such an extreme measure, and mere noncompliance with a court order, standing alone, is insufficient to indicate willfulness." *Baja Vill. Mkts., Inc. v. Baja Supermarket, Inc.*, 712 So. 2d 465, 466 (Fla. 3d DCA 1998); *see also Giemme*, 92 So. 3d at 922 (finding that failing to attend a case management conference after party's attorney withdrew was not evidence of a willful and contumacious disregard of court order to justify defaulting party).

Additionally, while RSBD failed to attend the July 2020 case management conference, the notice for that conference was served on RSBD's recently withdrawn counsel. While Sanchez is listed on the order setting the case management conference, it is unclear whether that order was served on him, because the order does not include a certificate of service, and his name is merely handwritten in the margin. In any event, the order actually noticing the hearing, which included all of the pertinent Zoom information to attend the remote hearing, was served only on RSBD's withdrawn counsel. Thus, from this record it cannot be concluded that RSBD's failure to attend that conference was willful, rather than neglectful or inadvertent. *See Tubero*, 569 So. 2d at 1271.

**Conclusion**

The trial court failed to afford RSBD due process by denying it the opportunity to be heard before striking all of its pleadings. The record does not support a conclusion that such relief is warranted, as the motion itself did not present any claim of willful or contumacious disregard of the court's authority such that the severe sanction of default should be imposed, nor did the court's order include such findings. For these reasons, we reverse the final judgment, direct the vacation of the order striking pleadings and entering a default, and remand for further proceedings.

*Reversed and remanded.*

DAMOORGIAN and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***