DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TARANEISHA BURGESS,**
Appellant,

v.

**QUESSIE CAMPBELL, LASHUNDA BLACKSHEAR,** and
**FAMILY FIRST DIRECT PRIMARY CARE LLC,**
Appellees.

No. 4D2023-2281

[January 8, 2025]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Scott R. Kerner, Judge; L.T. Case No. 502021CA006859.

Tshai N. Wright of Tshai Wright Law, Miramar, for appellant.

No appearance for appellees.

GERBER, J.

The defendant appeals from the circuit court's final judgment in favor of the plaintiffs on all counts of the plaintiffs' amended complaint against the defendant. The circuit court issued the final judgment after having entered an order striking the defendant's answer, affirmative defenses, and counterclaim, and defaulting the defendant, due to defense counsel not having appeared at two case management conferences and not having timely filed a witness and exhibit list. On appeal, the defendant primarily argues the order was deficient because it did not include required findings under *Kozel v. Ostendorf*, 629 So. 2d 817 (Fla. 1993). We agree with the defendant, and thus are compelled to reverse the final judgment.

### *Relevant Procedural History*

After the circuit court had entered the order striking the defendant's answer, affirmative defenses, and counterclaim, and defaulting the defendant, the defendant filed a motion to vacate that order.

Regarding the first case management conference, the defendant alleged excusable neglect due to clerical error, in that the date setting the

conference "was at the end of the [case management] [o]rder and was overlooked by [defense counsel's] administrative staff and was therefore not placed on [defense counsel's] calendar."

Regarding the second case management conference, the defendant alleged technical error, in that "when [defense counsel] attempted to attend the [h]earing using the [Z]oom link provided by th[e] Court, [defense counsel] was met with an error message. [Defense counsel] made several attempts to attend the hearing using the [Z]oom link, but all attempts were unsuccessful."

Regarding the witness and exhibit list, the defendant conceded "[defense counsel] was untimely in exchanging [the] witness and exhibit list." However, the defendant alleged she had exchanged her witness and exhibit list before she had filed the motion to vacate.

Based on the foregoing allegations, the defendant argued the order striking her pleadings and defaulting her was not commensurate with the defense counsel's inaction. The defendant further argued the order was procedurally deficient in that the order contained no findings that defense counsel's actions had been willful or demonstrated a deliberate and contumacious disregard of the court's authority to justify the severest of sanctions in striking her pleadings and defaulting her.

Contemporaneous with the defendant filing her motion to vacate, the plaintiffs filed a motion for default final judgment against the defendant.

After a hearing, the circuit court simultaneously entered separate orders granting the plaintiffs' motion for default final judgment and denying the defendant's motion to vacate. Neither order contained any findings that defense counsel's actions had been willful or demonstrated a contumacious disregard of the court's authority to justify striking the defendant's pleadings and defaulting her.

Ten days later, the circuit court entered its final judgment in the plaintiffs' favor on all counts of the plaintiffs' amended complaint against the defendant. The final judgment awarded all amounts which the plaintiffs had sought through their amended complaint, even though the circuit court had not held an evidentiary hearing to determine the plaintiffs' unliquidated damages amount.

The plaintiffs, recognizing the circuit could not enter a final judgment without having held an evidentiary hearing to determine the plaintiffs' unliquidated damages, filed a motion requesting an evidentiary hearing.

2

Meanwhile, the defendant filed a motion for reconsideration of the circuit court's order denying the defendant's motion to vacate. The defendant primarily argued the latter order was deficient because it did not include the required *Kozel* findings. The defendant also reiterated her prior arguments that defense counsel's failure to appear at the case management conferences had been due to excusable neglect and technical error, and had not been willful or in contumacious disregard of the court's authority. The defendant further reiterated that striking her pleadings and defaulting her was not commensurate with defense counsel's inaction.

The plaintiffs filed a response to the defendant's motion for reconsideration. The plaintiffs reiterated the history which had led the circuit court to enter the final default judgment against the defendant, and argued such history "represent[ed] a persistent disregard and indifference of the Court's orders." However, the plaintiffs' response did not address the defendant's primary argument that the order striking the defendant's pleadings and defaulting her did not include the required *Kozel* findings.

The circuit court entered an order summarily denying the defendant's motion for reconsideration. The circuit court did so without ruling on the plaintiffs' motion requesting an evidentiary hearing to determine the plaintiffs' unliquidated damages amount.

### *This Appeal*

This appeal followed. The defendant primarily argues:

> [T]he [circuit] court did not consider the *Kozel* factors. Failure to consider the *Kozel* factors is, by itself, a basis for remand. There was no competent substantial evidence to support that the [circuit] court had considered the *Kozel* factors. Further, the record is devoid of evidence that actions of Defendant's counsel were willful, deliberate, contumacious or a finding that Defendant's counsel had been previously sanctioned.
>
> ...
>
> Had the lower court made a *Kozel* analysis in this case, such a harsh punishment would not have been imposed upon [the defendant]. [The] [d]efendant was punished with the striking of her affirmative [d]efenses and counter claim .... The [circuit] [c]ourt went even further to enter a default

3

judgment and award monetary damages to the [p]laintiffs, without having the burden of proving their case.

...

Accordingly, [the defendant] respectfully requests this Court reverse the [order striking the defendant's pleadings and defaulting her], [reverse the] [d]efault [f]inal [j]udgment[,] and ... remand to the [circuit] court to proceed to jury trial.

(internal citation omitted).

The plaintiffs have not filed an answer brief.

We review the circuit court's orders for an abuse of discretion. *See Massey v. Thomas*, 342 So. 3d 680, 683 (Fla. 4th DCA 2022) ("A lower court's decision to impose sanctions is reviewed under an abuse of discretion standard."); *Fast Funds, Inc. v. Aventura Orthopedic Care Ctr.*, 279 So. 3d 168, 171 (Fla. 4th DCA 2019) ("A trial court's denial of relief from judgment upon a showing of excusable neglect, including relief pursuant to [rule] 1.530, is reviewed for an abuse of discretion.").

Florida Rule of Civil Procedure 1.200(c) states "[twenty] days' notice must be given for a pretrial conference," and pertinently provides: "On failure of a party to attend a conference, the court may dismiss the action, strike the pleadings, limit proof or witnesses, or take any other appropriate action." Fla. R. Civ. P. 1.200(c).

However, "dismissal is permitted only if the party's conduct is willful and contumacious." *Marcelus v. Aqua Fin., Inc.*, 337 So. 3d 352, 354 (Fla. 4th DCA 2022) (citation and internal quotation marks omitted). "A finding that the party's conduct was willful and contumacious is necessary for entering a default under rule 1.200(c). The trial court must make the finding in the subject order; failure to do so constitutes reversible error." *Giemme USA, LLC v. La Sala Grp., Inc.*, 92 So. 3d 920, 922 (Fla. 4th DCA 2012) (internal quotation marks and citation omitted).

Further, "[b]efore a court may dismiss a cause as a sanction, it must first consider the six factors delineated in *Kozel*, and set forth explicit findings of fact in the order that imposes the sanction of dismissal. Although no magic words are required, an order that does not consider each of the factors is considered insufficient and is, by itself, a basis for remand." *EMM Enters. Two, LLC v. Fromberg, Perlow & Kornik, P.A.*, 202

So. 3d 932, 933-34 (Fla. 4th DCA 2016) (internal quotation marks and citations omitted).  The six *Kozel* factors are:

> 1) whether the attorney's disobedience was willful, deliberate, or contumacious, rather than an act of neglect or inexperience;

> 2) whether the attorney has been previously sanctioned;

> 3) whether the client was personally involved in the act of disobedience;

> 4) whether the delay prejudiced the opposing party through undue expense, loss of evidence, or in some other fashion;

> 5) whether the attorney offered reasonable justification for noncompliance; and

> 6) whether the delay created significant problems of judicial administration.

*Kozel*, 629 So. 2d at 818 (indentations added).  "Upon consideration of these factors, if a sanction less severe than dismissal with prejudice appears to be a viable alternative, _the trial court should employ such an alternative_."  *Id.* (emphases added).

   Here, although precedent clearly requires a trial court to consider whether the defendant's conduct was "willful and contumacious" along with the six *Kozel* factors, and make explicit findings of fact before striking a party's pleadings and entering a default, nothing in the record indicates the circuit court considered these issues, much less included the required findings in either its order striking the defendant's pleadings and defaulting her or the final judgment.  *See Schneider v. Spaeth*, 133 So. 3d 1167, 1169 (Fla. 4th DCA 2014) ("[T]he trial court's order merely stated [the appellant] had been properly noticed, and that the court had previously advised her that non-appearance at the case management conference would amount to an abandonment of her defense and give rise to a default.  _This was not sufficient._  The court failed to include any findings that she engaged in willful and contumacious behavior to justify the default's entry.") (emphases added); *Petersen & Hawthorne, P.A. v. EMI Enters., Inc.*, 115 So. 3d 1064, 1065 (Fla. 4th DCA 2013) ("The court's order merely stated that Appellant failed to attend the conference and did not set forth any findings establishing [Appellant had] engaged in 'willful and

contumacious' behavior. This was not enough. Therefore, we reverse and remand for further proceedings.").

Based on the foregoing, we reverse the circuit court's order striking the defendant's pleadings and defaulting her, and reverse the final judgment.

Although the defendant has requested that we remand to the circuit court to proceed to jury trial on the parties' competing claims, we do not do so at this time. Rather, we remand for the circuit court to consider whether defense counsel's conduct was "willful and contumacious" along with the six *Kozel* factors, and determine if a sanction less severe than dismissal with prejudice appears to be a viable alternative. All such determinations shall be expressed in written findings of fact. Nothing in this opinion should be interpreted as suggesting any particular findings or outcome.

*Reversed and remanded for proceedings consistent with this opinion.*

CONNER and FORST, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**